CENTRALIA AND CHESTER RAILROAD COMPANY

V.

ELIHU H. HENRY ET AL.

*Railroads—Construction—Right of Way—Condemnation — Damages— Appeal—Entry under Bond—Trespass.*

1.  Upon proceedings brought by a railroad company to condemn a right of way across private property, a bond having been given by such company under Sec. 13, Chap. 47, Starr & C. Ill. Stats., subsequent to an appeal from the finding of the jury as to damages, this court holds that its entry thereunder was proper; that the affirmance of the judgment by the Supreme Court vested the right of way in the company, and fixed its liability on its bond in the amount of the judgment, together with interest and costs.

2.  The question as to the adequacy of damages, the same not appearing among the causes specially assigned in support of the motion for a new trial, must be considered waived. Such question can not be first raised in this court.

3.  A temporary abandonment of the right of way would not defeat the right of recovery of damages.

4.  In case of abandonment after entry under bond, the obligors would be bound to the extent of the damage done.

[Opinion filed June 15, 1889.]

APPEAL from the Circuit Court of Washington County; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. W. S. FORMAN and DANIEL HAY, for appellants.

Messrs. J. A. WATTS and W. HENRY MOORE, for appellees.

PHILLIPS, J.   The facts out of which this action originates are as follows:

In 1886 the Centralia & Chester Railroad Company filed before Judge Vernor, County Judge of Washington County, in vacation, its petition to condemn a right of way over the lands of appellees, and such action was taken thereon that on November 15th, a jury assessed as compensation and damages for said right of way the amount of $650, with which amount appellees were not satisfied, and they appealed the case to the Supreme Court.   While said appeal was pending, the railroad company executed a bond with Thomas B. Needles and W. S. Forman as securities, as provided by the statute in such case, which allowed said railroad company to take possession of right of way.   In the following March said railroad company took possession of part of said right of way—a strip fifty feet wide and about 100 yards (300 feet) long—and cut down the timber thereon, and also plowed the right of way across a ten acre piece of land.

The judgment of the lower court was affirmed by the Supreme Court.   Suit was then brought on the bond, on the ground that the railroad company had taken possession of this right of way and had retained possession thereof, and were in possession of same when this suit was instituted. The railroad company and its co-defendants, Needles and Forman, deny that said possession as taken gives the owners of the land a right for the full compensation assessed by the jury in condemnation proceedings, and claim that the railroad company were not in possession of said right of way when this suit was instituted, so that the first real contest is over the question of possession.   In the Circuit Court judgment was given against the railroad company and co-defendants for full amount of assessment of jury in condemnation proceedings.

The servants of the company entered on the land, cut the

timber standing thereon, and plowed a furrow along the sides of the right of way thus condemned, and gave notice of possession. In so doing the company was not guilty of a trespass, for the reason that by the judgment of the court, and the filing of the bond, the right to enter was given by the statute. Sec. 13, Chap. 47 Starr & C. Ill. Stats.; Johnson v. J. & C. R. R. Co., 23 Ill. 202. Having thus entered and exercised acts of ownership, after having filed the bond to authorize such entry, the affirmance of the judgment by the Supreme Court vested the right of way in the company. The liability of the company on its bond then resulted. That liability was for the amount of the judgment with interest and costs. Cook v. South Park Commissioners, 61 Ill. 115; I. & St. L. R. R. Co. v. McClintock, 68 Ill. 296; St. L. & S. E. R. W. Co. v. Teters, 68 Ill. 144. A special plea was filed, averring the defendant had not taken possession and kept possession of said right of way as alleged in the declaration, and was not in possession when this suit was instituted, to which replication was filed. By filing the bond and entering into possession, which was shown by the evidence, no action against the company as a trespasser could be maintained. The evidence clearly showed the entry into possession, and the right of recovery then resulted, and there was no evidence to show an abandonment of the right of way on the part of the company. It is insisted the damages are excessive. The motion for new trial assigns special causes for new trial, and the question of amount of damages is not made in the motion. As that cause is not made in the motion it must be held as waived. O. O. & F. R. V. R. Co. v. McMath, 91 Ill. 104.

Not being made in the Circuit Court, the question can not for the first time be raised here. Jones v. Jones, 71 Ill. 562; Penna. Co. v. Conlon, 101 Ill. 109; P., Ft. W. & C. R. R. Co. v. Reich, 101 Ill. 159.

The first instruction asked by the appellants, that if the railroad company had failed to take and keep possession of the right of way as condemned, and was not in actual possession of the right of way on the day the suit was instituted, then only nominal damages could be found, and the second,

if the jury believe the railroad company had, before the institution of this suit, abandoned the possession of the land in dispute, then they are only liable for nominal damages, were properly refused. There was no evidence on which to base the second, and even had there been evidence on which to base it, a temporary abandonment of possession would not defeat the right of recovery. Nor is it the law that only nominal damages are recoverable if there had been abandonment; for the entry not being a trespass, the right of entry being given by reason of filing the bond, the obligors would be liable to the extent of damages sustained by plowing the land and cutting trees thereon, and loss of use and such other damages as might be shown by the evidence. Finding no error in the record, the judgment is affirmed.

*Judgment affirmed.*