## CONVERS *v.* ATCHISON, TOPEKA AND SANTA FÉ RAILROAD COMPANY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

No. 154.    Argued January 11, 1892. — Decided January 26, 1892.

When a railroad company initiates proceedings in Illinois to acquire land for its road, and a defendant appears and claims ownership of the tract, and no denial is made to this claim, and only evidence as to the amount of compensation is presented for the consideration of the jury, and the jury awards a sum as such amount, the judgment should either direct the payment of this sum to such owner, or the deposit of the same with the county treasurer for his benefit.

THE court stated the case as follows:

On June 7th and 10th, 1887, respectively, the Atchison, Topeka and Santa Fé Railroad Company in Chicago, the defendant in error, filed two petitions in the County Court of Cook County, Illinois, to condemn the right of way through certain lands. The present plaintiff in error was made a party defendant to each of those proceedings. He appeared, and in each filed a cross-petition, alleging his ownership of a particular tract, and praying specified damages for its appropriation to the uses of the railroad company. Thereafter, being a citizen and resident of New Jersey, he filed petitions and bonds for removal of the cases to the Circuit Court of the United States for the Northern District of Illinois. The removal papers alleged a separable controversy between Convers and the railroad company. After removal there was a consolidation of the two cases, and, no one appearing in that court but himself and the railroad company, the issues were submitted to a jury upon pleadings of this nature: on the part of the railroad company, petitions disclosing its proposed right of way, asking an appropriation of the lands therefor, and an ascertainment of the damages; and cross-petitions by Convers,

alleging that he was the owner of particular tracts described within this right of way, and the damages which he would sustain by their appropriation by the railroad company, and praying compensation therefor. To the averments in the pleadings on either side there was no formal denial, and upon these pleadings the case went to trial. The jury found the amount of damages to be $12,000. The verdict, after describing the lands, recited: "And that the owners and parties interested therein are entitled to the sum of twelve thousand dollars, the value of the land taken and all improvements thereon, in full compensation for the same." Upon such verdict the plaintiff in error moved for a judgment in his favor for $12,000, the total amount of the damages; but this was refused; and the judgment which was entered ignored him, and decreed that for the particular tracts described "the sum of money awarded by the jury in and by their said verdict to the owners and parties interested in the property above described is a just compensation for the taking of said premises for the railroad purposes of the petitioner herein, and for all damages to property not taken. And it is further ordered that the petitioner pay to the county treasurer of Cook County, Illinois, for the benefit of the owners and parties interested in the premises above described, the sum of twelve thousand dollars, ($12,000), being the amount awarded by said jury in and by their said verdict. It is further ordered, adjudged and decreed that upon the making of said payment to the said county treasurer, the petitioner, the Atchison, Topeka and Santa Fé Railroad Company in Chicago, may enter upon the premises above described and the use of the same for railroad purposes." To reverse such judgment, Convers sued out a writ of error from this court.

*Mr. Charles M. Sturges* for plaintiff in error.

*Mr. Charles S. Holt* (with whom was *Mr. Norman Williams* on the brief) for defendant in error.

I. On the record Convers appears as the only "owner or person interested in" the property. The jury properly ascer-

tained the *entire value,* and the judgment in effect awards that value to Convers as specifically as if his name had been used. The form of the verdict and judgment cannot possibly prejudice his rights.

II. The verdict and judgment are right. If there had been adverse claimants before the court, Convers would have had no right to a determination by the condemnation jury of the question whether he was or was not the owner. A jury impanelled under the eminent domain acts of Illinois has no duty or power to pass on questions of title. Such questions are to be determined by the court or by a common law jury, as the nature of the case may require. Rev. Stats. Ill. c. 47, (title, "Eminent Domain,") §§ 2, 8, 10, 16; c. 24, (title, "Cities, Villages and Towns,") §§ 127, 129.

The jury has nothing to do with any question except the *amount* of compensation. *Smith* v. *C. & W. I. Railway Co.,* 105 Illinois, 511; *South Park Commissioners* v. *Todd,* 112 Illinois, 379; *DeBuol* v. *F. & M. Railway Co.,* 111 Illinois, 499; *Railroad Company* v. *Haslam,* 73 Illinois, 494; *C. & W. I. Railway Co.* v. *Prussing,* 96 Illinois, 203; *Suver* v. *C. S. F. & C. Railway Co.,* 123 Illinois, 293; *Grayville & Mattoon Railroad Co.* v. *Christy,* 92 Illinois, 337; *Henry* v. *Centralia & Chester Railroad Co.,* 121 Illinois, 264; *O'Hare* v. *C., M. & N. Railway Co.,* (Supreme Court of Illinois, October, 1891,) 28 N. E. Rep. 925.

Neither the Constitution nor the statutes give a right to trial by jury on questions of title.

MR. JUSTICE BREWER delivered the opinion of the court.

The single question in this case is, whether the verdict and judgment responded to the issues tendered by the pleadings. A bill of exceptions was prepared, showing that the testimony presented to the jury was simply as to the damages resulting from the appropriation of the proposed right of way by the railroad company ; and that no testimony was offered by Convers as to the extent and nature of his title, and none by the railroad company in any manner challenging it. By the

express language of the verdict the amount found by the jury was the total amount of compensation due for the appropriation of this right of way through the particular tracts claimed by Convers. As that matter was properly determined, there is no necessity for a new trial, or further inquiry as to the amount of damages. But upon the pleadings we think a judgment ought to have been entered in terms in favor of Convers for such damages, or at least one directing their appropriation to him personally, and that the question as to who was entitled thereto ought not to have been, by the form of the judgment, left open to further inqury.

The bill of rights of the constitution of Illinois (Constitution 1870, art. 2, sec. 13) declares: "Private property shall not be taken or damaged for public use without just compensation. Such compensation when not made by the State, shall be ascertained by a jury, as shall be prescribed by law."

The eminent domain act, passed under this constitutional provision, (Revised Statutes, Illinois, 1874, chapter 47, p. 475,) directs in terms that just compensation for private property taken "shall be ascertained by a jury as hereinafter prescribed." (Sec. 1.) The procedure thereafter provided was a petition by the party authorized to take the property to a judge of the circuit or county court, describing the property and naming the owners appearing of record, if known, or if not known, stating that fact, and praying that the compensation be assessed. (Sec. 2.) In the one petition any number of parcels of property might be included, and the compensation for each assessed separately by the same or different juries. (Sec. 5.) Process was to be served, as in cases in chancery, (sec. 4,) a trial had, and the verdict, or report of the jury as it is called, was "to clearly set forth and show the compensation ascertained to each person thereto entitled." (Sec. 9.) The oath to be taken by the jury contemplated also the same separate ascertainment. (Sec. 8.) "Sec. 10. The judge or court shall upon such a report, proceed to adjudge and make such order as to right and justice shall pertain, ordering that petitioner enter upon such property and the use of the same, upon payment of full compensation, as ascertained as aforesaid." Section 11

adds that "any person not made a party may become such by filing his cross-petition," and that his rights "shall thereupon be fully considered and determined." Sec. 14 is as follows: "Payment of compensation adjudged may, in all cases, be made to the county treasurer, who shall, on demand, pay the same to the party thereto entitled, taking receipt therefor, or payment may be made to the party entitled, his, her or their conservator or guardian."

These sections make it clear that under the pleadings the judgment entered upon this report or verdict should either have directed payment to the plaintiff, or that the deposit with the county treasurer was for his benefit. In other words, Convers's right to this money should have been settled by the judgment, and not left open to further inquiry.

It is unnecessary to consider what rule obtains when the railroad company puts in issue the fact or extent of the claimant's title or interest. It is enough to dispose of the case here presented.

While the precise question does not appear to have been determined by the Supreme Court of the State, its rulings are in this direction. *Bowman* v. *Railway Company*, 102 Illinois, 459; *Johnson* v. *Railway Company*, 116 Illinois, 521; *Suver* v. *Railway Company*, 123 Illinois, 293. In the first of these cases it was held that the provision in the statute, that several tracts of lands belonging to different persons might be included in one petition, and the compensation for each separately assessed by the same or different juries, extended to cases where different persons had distinct interests in the same tract, and that in such cases the damage to each might be separately ascertained. In the second, the court decided that each owner might have his damages assessed before a separate jury, and was entitled to his single appeal from the judgment; and, also, that, if a cross-petition set forth only evidence of claimant's title, and was uncertain in the description of his interest in the property, such defect was ground for demurrer, but did not justify a dismissal on motion. And, in the third, the petition of the railroad company, averring that four persons named had or claimed an interest in a tract described, and there being

no other averment in the petition or cross-petition of separate interests in such parties, a finding of the gross amount to be paid to them was sustained. In that case, also, it was held that certain defects alleged to exist in the petition must, to be taken advantage of, be challenged by demurrer. These cases all indicate that proceedings under the eminent domain act may be divided into distinct controversies between the railroad company and each party owning or having a separate interest in any tract; and that a controversy, thus separated, is to proceed according to the ordinary rules concerning trials, with a certainty in verdict and a finality in judgment. They sustain the conclusion we have heretofore expressed in this case.

The judgment will be

*Reversed, and the case remanded, with instructions to enter a judgment in terms securing to Convers the amount of the damages found by the jury.*

The CHIEF JUSTICE took no part in the decision of this case.