James L. McKean *et al.* Appellants, *vs.* The County of Carroll, *et al.* Appellees.

*Opinion filed December 23, 1926—Rehearing denied Feb. 4, 1927.*

1. Highways—*county may aid in construction of hard roads under the Bond Issue act of 1917.* The State Bond Issue act of 1917 should be considered in connection with all other statutes *in pari materia* and was not meant to repeal the provision of section 34 of the Counties act giving county boards power to appropriate funds to aid in the construction of roads and bridges, and there is nothing in the Bond Issue act to prevent such boards, in their discretion and when in their judgment the local interest warrants them in so doing, from aiding the Department of Public Works and Buildings by donations of rights of way or money.

2. Statutes—*general rule as to when a later statute repeals earlier one.* Repeal of laws by implication is not favored, and it is only where there is a clear repugnance between two laws and the provisions of both cannot be carried into effect that the later law must prevail and the former be considered repealed, or where in the later statute some express notice is taken of the former plainly indicating an intention to repeal it.

Thompson, J., dissenting.

Appeal from the Circuit Court of Carroll county; the Hon. William J. Emerson, Judge, presiding.

McCalmont & Ramsay, W. A. Blodgett, and Turnbaugh & Eaton, for appellants.

John L. Brearton, for appellees.

Mr. Justice Heard delivered the opinion of the court:

Appellants filed their bill in the circuit court of Carroll county against the county of Carroll, A. B. Adams, county clerk, and Ed. C. Myers, county treasurer, alleging that the county of Carroll, through its board of supervisors, was about to expend large sums of money for the payment of rights of way to be obtained for the construction of State hard roads under the $60,000,000 Bond Issue act of 1917,

and alleged therein that the county was urging the Department of Public Works and Buildings to institute condemnation proceedings against various land owners through whose property Routes 40 and 27 (routes enumerated in that act) were to be built, and by resolution had agreed to pay all costs and damages for land taken and damages to the land not taken as a result of such condemnation suits. The bill prayed for the issuance of an injunction restraining the county from so expending any of the funds. A temporary injunction was issued pending a hearing as to its merits. The county of Carroll, through its State's attorney, answered the bill, admitting the material allegations therein but denying that the county did not have the right to so expend its funds. A hearing was had on the merits of the bill on a stipulation of facts which set out that appellants were tax-payers of Carroll county and had been for several years last past; that the county had passed resolutions to expend sums of money for rights of way for Routes 40 and 27 of the State Hard Road act of 1917, together with costs for condemnation suits to be instituted by the Department of Public Works and Buildings. The circuit court of Carroll county entered a decree dissolving the temporary injunction theretofore issued in said cause and dismissed the bill for want of equity, from which decree appellants prayed an appeal to this court.

It is contended by appellants that the act of 1917 is a special act complete in itself, by which all the expenses in connection with the improvement of the highways enumerated in the act are to be paid from the State treasury; that nowhere in the act is any authority given to the counties in the State to pay for any of the obligations incurred in the construction of these routes, and the county of Carroll cannot legally pay for rights of way to be utilized as a part of the State highway system provided for by the act, and they cite *Village of Glencoe* v. *Hurford,* 317 Ill. 203, and *County of DeWitt* v. *Greene,* 320 id. 491, as authority for

their contention. The question involved in this case was not involved or considered in either of those cases. The only question involved in the *Greene case* was the right of the county to acquire by eminent domain land necessary to be taken in the construction of the roads provided for in the Bond Issue act of 1917, and it was there held that such right was by the act vested solely in the Department of Public Works and Buildings and the several counties of the State did not have such right. The *Hurford case* does not support appellants' contention, as in that case it was held that the Bond Issue act of 1917 did not have the effect of taking from cities and villages jurisdiction to improve by special assessment a street connected with the State highway system and which had been designated as a part of a through route. That case also held that while for some purposes the act of 1917 was complete in itself, yet it must be construed together with the provisions of the Local Improvement act, the Cities and Villages act, the Road and Bridge act, and other legislation on the subject of highways.

At the time of the passage of the act of 1917 paragraph 57 of chapter 34 of our statutes, in defining the power of boards of supervisors, provided: "Said board shall have power to appropriate funds to aid in the construction of roads and bridges in any part of the county, whenever a majority of the whole board of the county may deem it proper and expedient." In *Goodwine* v. *County of Vermilion,* 271 Ill. 126, this court held that this section of the statute authorized county boards to appropriate funds to aid in the construction of roads and bridges in counties whenever in the judgment of a majority of their members the public interest required them to do so; that the law left it entirely to the discretion of the boards as to when, where, to what extent and in what manner they would grant such aid. While the act of 1917 did repeal acts and parts of acts it did not purport to repeal this section. Repeal of laws by implication is not favored, and it

is only where there is a clear repugnance between two laws and the provisions of both cannot be carried into effect that the later law must prevail and the former be considered repealed by implication. Where two statutes are enacted which have relation to the same subject, the earlier continues in force unless the two are clearly inconsistent with and repugnant to each other, or unless in the later statute some express notice is taken of the former plainly indicating an intention to repeal it. *People* v. *Burke,* 313 Ill. 576; *Village of Glencoe* v. *Hurford, supra.*

Section 12 of the act of 1917 provides: "That the public highways upon which said roads are being constructed shall, during the construction period and continuously thereafter, be under the jurisdiction and control of said Department of Public Works and Buildings, but the duty of maintaining such highways shall rest on the local authorities until said construction work has been completed." In 1921 the legislature passed an act for the establishment of the system of State highways, which system included, among others, all roads constructed under the act of 1917. Section 11 of this act provided: "Any part or portion of the State highway system, not taken over by the Department of Public Works and Buildings, shall remain under the jurisdiction and control of the proper local authorities." The act of 1917 does not specify when or in what manner a road shall be taken over by the Department of Public Works and Buildings from the local authorities, but the inference from the connection in which the words are used in section 12 is that it is to be after its completion. Such specification is, however, made by section 7 of the State Highways act of 1921, which provides: "The highways designated in this act as State highways shall be taken over from the several towns, and road districts by the Department of Public Works and Buildings, in its discretion, as rapidly as the appropriations made for repair, improvement and maintenance thereof permit: *Provided,* the de-

partment, shall first take over the State bond issue roads. Before any highway, or part thereof, forming a portion of the State highway system is taken over, the Department of Public Works and Buildings shall notify in writing the commissioner of highways of the town or road district of its intention so to do, and of the date when it will assume the maintenance and care thereof."

The road here in question has not been completed and it does not appear to have been even definitely located. It likewise does not appear that the Department of Public Works and Buildings has ever notified the local authorities of the date when it would assume the maintenance and care thereof. By the act of 1921 the legislature designated what highways should be known as State highways, and among those designated as being included within that term are all highways authorized to be constructed under the act of 1917. In 1925 the legislature passed an act providing that the county boards of the several counties shall have power "to widen or otherwise improve any county or State highway within the county, in the discretion of the county board, including State roads taken over and maintained by the State: *Provided,* that any improvement of a State road shall be according to plans and specifications approved by the State Highway Department. Power hereby conferred on counties shall be in addition to and not in limitation of their existing powers." (Laws of 1925, p. 326.) By section 2 of the act of 1921 it is provided "that counties of this State, acting through their county boards, be, and they are hereby authorized and empowered to take whatever steps may be necessary to enable such counties to aid the State in the construction of the durable hard-surfaced roads provided for herein." It is evident that the legislature has not considered the act of 1917 as such an independent piece of legislation that it should not be considered in connection with prior and subsequent legislation but intended that it should be considered with all other statutes *in pari materia.*

In *Department of Public Works* v. *Caldwell,* 301 Ill. 242, (a proceeding to acquire a right of way for part of the route designated as No. 10 in the act of 1917,) it was held that there is no statute which forbids the Department of Public Works and Buildings from accepting donations of land or money for a right of way for any portion of its State-wide system of hard roads, and that there is no reason based on good morals or public policy for denying the department the right to accept such donations. The Department of Public Works and Buildings, in locating the route between the termini designated in the act of 1917, only considered the interest of the State in general, and not the local interest of any county or other municipality or individual. We could readily conceive of a case where, without detriment to the public interest, the interest of the people of a county might be subserved by the re-location of a road where the Department of Public Works and Buildings would not feel justified in putting the State to the expense of such re-location but would feel justified in so doing if the expense of the re-location were borne locally.

While the general scheme of the special act with reference to durable, hard-surfaced roads of the system of State highways is opposed to the exercise of the right of eminent domain by counties in connection with such highways, there is nothing in the act which prevents the members of the board of supervisors of a county, in the exercise of their discretion, when in their judgment local interest warrants them in so doing, from aiding the Department of Public Works and Buildings either by donations of rights of way or by money to pay for the same. The proposed action of the county of Carroll being within the corporate powers conferred upon it by law, the court properly dismissed appellants' bill for want of equity.

*Decree affirmed.*

Mr. JUSTICE THOMPSON, dissenting.