(Nos. 21454, 21455.—

THE FOREST PRESERVE DISTRICT OF COOK COUNTY, Appellee, *vs.* THE CHICAGO TITLE AND TRUST COMPANY *et al.* Appellants.

*Opinion filed December 23, 1932.*

I. T. Greenacre, Alice Greenacre, and Anna Svatik, for appellants.

George A. Basta, and Frank S. Righeimer, for appellee.

Mr. Chief Justice Heard delivered the opinion of the court:

Two appeals were taken, one by the Calumet Pickle Works, a corporation, and the other by the remaining appellants, from a judgment order of condemnation of the

circuit court of Cook county in a suit brought by appellee, the Forest Preserve District of Cook county, to condemn lands of appellants and others for the purposes of the district. The appeals have been consolidated in this court.

Appellants appeared and made motions to dismiss appellee's petition, denying that the lands were necessary or desirable for the lawful uses and purposes of appellee or of the character of lands it is authorized to acquire, and alleged that the purpose for which the land was sought to be taken was for the construction of a road over a portion thereof, to constitute an extension of a road now existing in the State of Indiana and for an approach to the forest preserve of Cook county for the use and benefit of the residents of Indiana and to enable residents of Indiana to use and enjoy the forest preserve tracts maintained by the district, and that such purpose was not a proper or lawful purpose for which it might acquire land. It was also alleged that the district was without funds, and that it would not at any time within the reasonably near future have funds, with which to pay an award for damages to the property sought to be taken. The objections were overruled, appellants filing cross-petitions claiming damages to the portion of the land not proposed to be taken. A jury was called and evidence heard as to the value of the property taken and as to damages to the respective remainders. The jury found for the district, assessed damages for the respective tracts of land to be taken and found that the remaining tracts were not damaged. Judgment of condemnation was entered in accordance with the verdict. After an appeal had been taken to this court by appellants, appellee paid the compensation adjudged for lands other than those represented by appellants, and filed a petition asking that it be allowed to take possession of appellants' lands ordered condemned upon its entering into a bond with good and sufficient security. After a hearing upon the petition the court entered an order giving leave to appellee to take possession

of the lands upon giving bond in the sum of $30,000, with security to be approved by the court. Thereupon appellee filed its bond in the sum of $30,000, with the Maryland Casualty Company as surety, for the payment to appellants such compensation as might be finally adjudged in this cause. The bond was approved by the court.

The legality of the use for which appellee seeks to obtain the premises in question was the most strenuously contested question in the court below, and appellants in this court are insisting that the use is not a legal purpose for which petitioner may take land, that the land was not of the character which could be condemned for the use of a forest preserve, and that its acquisition was unnecessary for such use.

The power to acquire land given by the Forest Preserve act implies that such land is reasonably necessary for that purpose, and the question as to what is and what is not a forest is limited to the character of the lands described in the statute and is a question of fact which may be inquired into by the court, and the commissioners of a forest preserve district are not left, without limitation, to determine that question. (*Forest Preserve District* v. *Jirsa,* 336 Ill. 624.) Where the legislature has delegated to a corporation the authority to exercise the power of eminent domain the corporation has also the right to decide on the necessity for exercising the right, and its decision will be conclusive in the absence of the clear abuse of the right, and courts cannot inquire into the necessity or propriety of its exercise. *South Park Comrs.* v. *Livingston,* 344 Ill. 368; *Chicago North Shore and Milwaukee Railroad Co.* v. *Title and Trust Co.* 328 id. 610; *Terre Haute and Peoria Railroad Co.* v. *Robbins,* 247 id. 376; *Chicago, Milwaukee and St. Paul Railway Co.* v. *Franzen,* 287 id. 346.

A portion of lots called 5 and 6 are alone involved in these appeals. The south portion, not sought to be taken, contained buildings set among natural forest trees. At the

north end are also forest trees, being an extension of the larger growth in the present forest preserve, and the land is used for picnics, parties, boy scouts camp, and a horse barn where horses are rented by the hour. The south hundred feet sought to be taken, while originally part of a forest, has been shorn of its trees and is intended to be used as a road. The entire tract sought to be acquired is bounded on the north, east and west by roads, but there is no road on the south. Evidence was introduced showing the advantage which the acquisition of the strip desired for a road would be to the Forest Preserve District. The evidence shows that the property condemned was of the character which might legally be acquired for forest preserve purposes, and that there was no abuse of appellee's right of eminent domain by reason of the character of the premises sought to be acquired or in the opening of a road along the south side of the property acquired.

Appellants' main contention with reference to the opening of the road is that the road, if opened, would be utilized by the State as a part of Route 53 under the Hundred Million Dollar State Bond Issue act, and that the sole right of the exercise of eminent domain was vested in the Department of Public Works and Buildings for acquiring the lands over which to construct such roads. Appellants cite *County of DeWitt* v. *Greene,* 320 Ill. 491, as authority for their contention. In the later case of *McKean* v. *County of Carroll,* 324 Ill. 243, it was held that the State Bond Issue act should be considered in conjunction with all other statutes *in pari materia,* and that there was nothing in that act to prevent county boards, in their discretion and when in their judgment the local interest warrants them in so doing, from aiding the Department of Public Works and Buildings by donations of rights of way or money, and in so holding the court said: "The only question involved in the *Greene case* was the right of the county to acquire, by eminent domain, land necessary to be taken in the construction of the

roads provided for in the Bond Issue act of 1917, and it was there held that such right was by the act vested solely in the Department of Public Works and Buildings, and the several counties of the State did not have such right. The *Hurford case* does not support appellants' contention, as in that case it was held that the Bond Issue act of 1917 did not have the effect of taking from cities and villages jurisdiction to improve by special assessment a street connected with the State highway system and which had been designated as a part of a through route. That case also held that while for some purposes the act of 1917 was complete in itself, yet it must be construed together with the provisions of the Local Improvement act, the Cities and Villages act, the Road and Bridge act, and other legislation on the subject of highways."

*Village of Glencoe* v. *Hurford,* 317 Ill. 203, (the *Hurford case* above referred to,) was an appeal from a final order and judgment of the superior court of Cook county, under the Local Improvement act, overruling objections of appellant to the entry of such order and judgment after proceedings had, in conformity with the act, upon a petition filed by appellee for the widening and altering of a street in the village of Glencoe called Sheridan road and for the condemnation of certain private property to be taken for use as a public street in such widening and alteration. The street there sought by condemnation to be widened and altered was a street which had been designated as a part of the State highway system under the Sixty Million Dollar Bond Issue act of 1917.

The evidence shows that the opening of this street will be beneficial in carrying into effect the purposes for which appellee was organized by the legislature. It has been given power to open a street under such circumstances. The evidence shows that while it is the expectation of the authorities that the road, after it is opened, will be surfaced by the State, yet no arrangements have as yet been made for

its so doing, and that if, after its opening, such arrangement be made, appellee will not be deprived of the benefits derived from the opening of the road but that it would be benefited by the extension of Route 53 over the same.

Appellants argue that the opening of this road would only be for the benefit of people residing in Indiana. Route 53, as described in the Hundred Million Dollar Bond Issue act, begins "at a point on Route No. 22 at or near Half Day and extending in a southerly and easterly direction to the Indiana State line near West Hammond, affording Palatine, Glenn Ellyn, Lisle (running over Route No. 4 from a point south of Lisle to a point west of Lockport) Lockport, Oak Forest, Harvey, West Hammond and the intervening communities reasonable connections with each other." The point of its intersection with Route 22 is in Lake county, not far from the State line between Illinois and Wisconsin. Route 53 intersects Route 1, which extends through several large suburbs to the heart of the city of Chicago. It will thus be seen that the opening of the road, whether or not the part here in question be utilized by the State as a part of Route 53, will give access to this particular part of the forest preserve to thousands of citizens of Illinois. If the public necessity and convenience require the improvement it is immaterial at whose expense it is made, and a donation or contribution from others to relieve the burden resting upon the district has no tendency to prove that the opening of the street is not a public benefit. A street or highway is none the less public because it accommodates some individuals more than others. *Chicago, Burlington and Quincy Railroad Co.* v. *City of Naperville,* 169 Ill. 25; Dillon on Mun. Corp. (4th ed.) sec. 596.

It is claimed that some unknown persons have a contingent interest in the premises under the will of a former owner and that such unknown persons were not properly before the court. An omission of any proper party will not invalidate proceedings against such persons as are made

parties. In a court of review a party will not be permitted to take advantage of an error that does not injuriously affect himself or his interests. Appellants were parties defendant to the petition, and they are in no position to complain that other persons were not made defendants. *South Park Comrs.* v. *Livingston, supra; St. Louis and Cairo Railroad Co.* v. *Postal Telegraph Co.* 173 Ill. 508.

It is claimed that the court erred in not requiring the rights of the respective parties in the premises to be fixed before proceeding with the condemnation trial. Formerly it was required that before the jury was impaneled there should be a determination made by the court of the ownership not only of each lot but of each interest in the lot, and the practice was that the jury rendering a verdict awarded the compensation not only separately as to lots, as was done in the case at bar, but as to each specific interest in the separate lots. The later decisions hold that section 14 of the Eminent Domain act, which provides for the payment to the county treasurer of compensation adjudged, who shall, on demand, pay the same to the party thereto entitled, fully protects the rights of all parties, and that when so paid the compensation money is deemed a substitute for the land, and that when the petitioner pays the money to the county treasurer directly, its connection with the case ceases and it is no further concerned with it. *Public Service Co.* v. *Rietveld,* 320 Ill. 56; *City of Chicago* v. *Gage,* 268 id. 232; *Chicago and Northwestern Railway Co.* v. *Glos,* 239 id. 24.

Complaint is made that the court erred in denying appellants' motion to dismiss on account of the financial condition of the district. In *City of Chicago* v. *McCluer,* 339 Ill. 610, where this same question was raised, it was said: "The judgment is final as far as the city is concerned and cannot be set aside after the lapse of ninety days, (*People* v. *Weaver,* 330 Ill. 643,) and even though the city has not on the day of the judgment order or at the end of a rea-

sonable period following the judgment—that is, after the assessments have been either collected or are in default—sufficient money to pay the awards, the court will by proper action enforce the judgment against the city. *Non constat* that because it does not now have the funds on hand, when the time comes to meet the liability it will not have sufficient funds derived from an authorized bond issue, from increased taxation or from some other source to meet the same."

Complaint is made of improper argument to the jury by appellee's counsel and of improper remarks by the court. As to these complaints, suffice it to say that neither was objected to nor was a motion made to strike out such remarks during the trial, and hence the complaint cannot be here considered.

Complaint is made as to the inadequacy of the compensation allowed by the jury for the property taken. The jury viewed the premises, the evidence was conflicting, the verdict was within the range of values as testified to on the trial, being for a sum much greater than the highest estimate of any of petitioner's witnesses, and it does not appear to have been the result of passion, undue influence or other improper cause. (*Forest Preserve District* v. *Collins,* 348 Ill. 477; *Sanitary District* v. *Johnson,* 343 id. 11; *Jefferson Park District* v. *Sowinski,* 336 id. 390.) Under the evidence in this case this court would not be warranted in substituting any judgment of its own as to the value of the property taken for that of the jury, who saw and heard the witnesses and viewed the premises.

Complaint is made that no allowance was made for damage to property not taken. The evidence was conflicting, but the jury were warranted in finding that the value of the property not taken would be enhanced for subdivision and residential purposes by reason of the opening of the road and the nearness of the property to a forest preserve.

Appellants contend that the court erred in giving the following instruction to the jury:

"The court instructs the jury, that if they believe from the evidence and their view of the premises that the maintenance of a forest preserve upon the property sought to be taken herein and the building of a road thereon will enhance the fair cash market value of the property of the respondents not being taken, then the respondents are not entitled to recover for damages to such property not being taken."

Counsel claim that in order to make the instruction a correct statement of the law the court should have added thereto the words, "and if they further believe that such increased value equaled or exceeded the injury, if any sustained, if the property is of the same value after as before the improvement, the owner has sustained no loss." It goes without saying that damages cannot exist if the value of the property is not lessened, but, on the contrary, is enhanced and the benefit which the land owner secures as an owner of the property is a special benefit. In determining whether land has or has not been damaged the jury should consider whether the market value of the property remaining will be enhanced by the improvement, although other property in the vicinity will likewise be benefited. (*Sanitary District of Chicago* v. *Boening,* 267 Ill. 118; *Eldorado, Marion and Southwestern Railroad Co.* v. *Everett,* 225 id. 529; *Metropolitan Elevated Railway Co.* v. *White,* 166 id. 375.) The instruction given was one of a series of instructions upon the same subject, and the jury were fully, completely and correctly instructed upon the subject so far as it applied to this case.

Upon a careful consideration of all errors assigned by appellants we find no reversible error, and the judgments of the circuit court are therefore affirmed.

*Judgments affirmed.*