(No. 29532.—

THE COUNTY OF COOK, Appellee, *vs.* HENRY VANDER WOLF *et al.*—(FRED C. RIETVELD, Appellant.)

*Opinion filed September 18, 1946.*

Murphy, J., dissenting.

Lawlor & Walsh, (Edwin D. Lawlor, of counsel,) both of Chicago, for appellant.

Samuel Shamberg, (John M. Quinlan, of counsel,) both of Chicago, for appellee.

Mr. Justice Thompson delivered the opinion of the court:

Appellee, the county of Cook, filed its petition to acquire by condemnation seven separate tracts of land necessary in connection with the laying out, altering, improving or widening of a State aid highway, known as Calumet Parkway, from Paxton avenue to Volbrecht road. Property of appellant, consisting of parts of lots 6 and 7 in a certain designated subdivision, was included in the petition; and both he and his wife, Kathryn Rietveld, were made parties defendant. The petition alleged, upon information and belief, that there were other persons whose names were unknown to the petitioner, who claimed or might claim some right, title, interest or lien, in fee or some lesser estate, in the real estate sought to be condemned, and such persons were made defendants by the name and description of "unknown owners." Appellant appeared and filed a cross petition, alleging his ownership

of all of lots 6 and 7, and praying for an assessment of damages to that portion of the lots not taken and appropriated by the county. Upon a separate trial as to lots 6 and 7, a jury returned a verdict awarding to "the owners and parties interested therein" the sum of $18,000 as compensation for the land taken and the further sum of $3200 as compensation for damages to the land not taken. Afterward appellant filed his petition, claiming he was the owner in fee simple of lots 6 and 7, free and clear of any liens or encumbrances whatsoever, except general taxes for the year 1945, and asking for a judgment in his favor upon the verdict for $21,200, the total amount of the compensation for both the land taken and that damaged. The county answered this petition, setting up that there was evidence showing reciprocal easements for right of way in favor of adjoining owners across the lands of appellant, and alleging that Kathryn Rietveld, the wife of appellant, had an inchoate right of dower in the real estate of appellant and an interest in the award. The answer also alleged that "unknown owners" were made parties defendant and therefore appellant should be required to make strict proof of his title, and that under section 14 of the Eminent Domain Act, the county was authorized to pay the award to the county treasurer. At the hearing before the court, upon the county's motion for judgment, the petition of appellant and the answer thereto, appellant offered in evidence a Torrens certificate of title, No. 301645, issued July 11, 1934, by the Registrar of Titles of Cook county, certifying that Fred C. Rietveld, a bachelor, was the owner in fee simple of lots 6 and 7 aforesaid, subject to the rights of the abutting property owners on Thorn Creek in and to lot 6. He also testified, when called as a witness by the county, that he was married to the defendant, Kathryn Rietveld on July 29, 1942, and that they were, at the time of the hearing, living together as husband and wife.

Upon this state of the evidence, the court refused to enter a judgment in favor of appellant, and on December 17, 1945, entered a judgment of condemnation, making no finding of title or adjudication of the rights of appellant or any other person in the award, but ordering the petitioner, within 120 days, to pay to the county treasurer of Cook county, "for the benefit of the owner or owners of and party or parties interested in said premises" the sum of $21,200, together with interest thereon at the rate of 5 per cent from November 8, 1945, the date of the jury's verdict, to the date of the deposit of said fund with the county treasurer, and further ordering that upon proof being made to the court that payment had been made as aforesaid by the appellee, that appellee might then enter upon said property and use the same for the uses and purposes set forth in its petition filed in this case. To reverse such judgment, Rietveld has prosecuted an appeal to this court, contending that he was entitled to a judgment in his favor and that it was the duty of the circuit court, when petitioned by him, to determine who was entitled to the award and order that it should be paid to that person or persons before possession of the condemned land could be taken by appellee.

It is the law of this State, as provided both by constitutional provision and statutory enactment, that private property shall not be taken or damaged for public use without just compensation. The power to take private property whenever necessary for public use is inherent in the State and may be exercised by it or by any corporate or municipal authority, public body, officer, agent, person, commissioner or corporation to whom the legislature has delegated the authority. The legislature in the Eminent Domain Act (Ill. Rev. Stat. chap. 47, par. 1 *et seq.*) has provided for the exercise of that power and has prescribed the mode of ascertaining and paying just compensation for private property appropriated for public use, in cases where

such compensation cannot be agreed upon by the parties interested, or the owner of the property is incapable of consenting, or his name or residence is unknown, or he is a nonresident of the State. The procedure provided is initiated by the filing of a petition in the circuit or county court, describing the property and setting forth the names of all persons interested therein as owners or otherwise, as appearing of record, if known, or if not known, stating that fact. Persons interested, whose names are unknown, may be made parties defendant by the description of "unknown owners." The act further provides for a trial by a jury, duly sworn to ascertain and report just compensation to the owner (and each owner) of the property and to each person therein interested. The jury are to make their report in writing, and such report, or verdict, is to clearly set forth and show the compensation ascertained for each person thereto entitled. Section 10 of the act provides that the judge or court shall, upon such report, proceed to adjudge and make such order as to right and justice shall pertain, ordering that petitioner enter upon such property and the use of the same upon payment of full compensation as ascertained as aforesaid, within a reasonable time to be fixed by the court; and section 14 provides that payment of the compensation adjudged may, in all cases, be made to the county treasurer, who shall, on demand, pay the same to the party thereto entitled.

In this case the county does not dispute appellant's ownership of the land in question, but the contention of the county is, and has always been since it initiated the proceedings herein by filing its petition for condemnation, that such ownership is not free and clear of all encumbrances or interests of other persons therein. The petition for condemnation alleged the existence of such other interests, and appellant's cross petition, asking for the assessment of damages to land not taken, while alleging ownership in himself, did not deny the existence of other in-

terests owned by other persons, who were made parties defendant under the description of "unknown owners," and did not claim that his ownership was free and clear of all liens and incumbrances. This claim was made by him for the first time in his petition for judgment in his favor upon the verdict, and was not sustained by his proof. The Torrens certificate of title, upon which he based his claim to the whole of the compensation assessed by the jury, disclosed upon its face that his ownership of lot 6 was subject to the rights of abutting property owners on Thorn creek in and to said lot 6. The record contains no information as to the location of Thorn creek, the names of the abutting property owners thereon, or the character of the rights of such abutting property owners to which appellant's ownership of lot 6 was subject. No evidence was presented in the circuit court concerning the nature, character or extent of the rights which are shown by the Torrens certificate to exist in persons other than appellant and to which his ownership of lot 6 is expressly declared to be subject. If the evidence presented had disclosed that the rights mentioned in the Torrens certificate consisted only of easements or rights of way, there would be just cause for complaint against the lower court for not entering judgment in his favor. One holding an easement in a strip of land as a right of way, merely, sustains no damage in consequence of the taking of the land for a street. When the land is taken and maintained as a street by the public authorities the owner's easement of a way is not impaired but still exists, as he has all the right of way before enjoyed. No property of his is therefore taken from him and he is deprived of no interest. (*Allen* v. *City of Chicago,* 176 Ill. 113.) The owner of a right of way in land taken for a public highway has no interest in the compensation money assessed by the jury, which is deemed a substitute for the property taken. In this case, since it was not shown that the easements in question consisted only of

the right to use all or a part of lot 6 as a right of way, or whether they were other or different rights, appellant is in no position to complain because the court refused to enter a judgment in his favor based upon the Torrens title certificate.

Appellant criticizes the circuit court for its alleged violation of constitutional duty in not determining the question of title involved and in refusing to decide to whom the compensation belonged. He claims that the county, as petitioner in the condemnation proceedings, was required at its peril to ascertain the owners of the property to be condemned and prove the interests, if any, of the owners of any supposed easements, and that the practice followed by the court in this case in ordering the compensation paid to the county treasurer for the benefit of the owners and parties interested in the premises has been disapproved by the Supreme Court of the United States in the case of *Convers* v. *Atchison, Topeka and Santa Fe Railroad Co.* 142 U. S. 671, 12 S. Ct. 351. He further complains that by the action of the circuit court in denying his petition, he is remitted for relief to the county treasurer, who will impose on him the unwarranted burden and expense of furnishing a title insurance policy and to that extent deprive him of the just compensation contemplated by the constitution.

The Eminent Domain Act, in prescribing the mode by which just compensation for private property taken or damaged for public use shall be ascertained and paid, requires the petition for condemnation to set forth the names of all persons interested in the property as owners or otherwise, as appearing of record, if known, or if not known, stating that fact, and that persons interested whose names are unknown be made parties defendant by the description of "unknown owners." All this was done by the county in the present case in the condemnation of appellant's property. The petition alleged that there were

interests in the property owned by persons other than appellant, that the names of such other persons were unknown, and that such unknown persons were made parties defendant by the name and description of "unknown owners." This was all the county was required to do and was the only obligation resting upon it in the way of determining title. This was the only extent to which it was interested in the determination of title. Neither the constitution nor the statute requires that a petitioner be delayed in the possession and use of the property condemned until all uncertainties of title and all interests of unknown defendants have been ascertained. Both the constitutional and statutory requirements of just compensation are satisfied when the amount ascertained as such is paid to the county treasurer for the benefit of the owners and parties interested in the premises. This payment to the treasurer fully protects the rights of all parties and when the compensation money is so paid, all connection of the petitioner with the case ceases and it is no further concerned with it. (*Forest Preserve Dist.* v. *Chicago Title and Trust Co.* 351 Ill. 48; *Public Service Co.* v. *Rietveld,* 320 Ill. 56.) The treasurer holds the money in trust for the owners thereof, who may compel payment to them at any time, either by petition in the same proceeding, or by some appropriate action, either at law or in equity, in the same or some court other than the one which entertained the condemnation proceedings. (*City of Chicago* v. *McDonough,* 351 Ill. 200.) It would be against public policy and contrary to the spirit and intent of the constitutional and statutory provisions concerning the right of eminent domain to hold that the public use of the property must be delayed until all interests in the property have been ascertained and the proper distribution of the compensation money definitely determined. In cases, however, where no dispute or issue is raised in the pleadings as to the fact or extent of the title or interest of a defendant asking judgment in his favor on the verdict, then, under

the Eminent Domain Act of this State, no proof of the claimant's title is necessary and the condemnation judgment entered should either direct payment to the claimant or that the compensation be deposited with the county treasurer for his benefit, and should not leave his right to the money open to further inquiry. (*Convers* v. *Atchison, Topeka and Santa Fe Railroad Co.* 142 U. S. 671, 12 S. Ct. 351.) This is the extent of the *Convers* decision cited by appellant. The court in that case expressly refrained from expressing any opinion upon the question presented in the case now before us for our determination, stating that it was unnecessary in that case to consider what rule obtains when the petitioner puts in issue the fact or extent of the claimant's title or interest. The *Convers case* is not in point and gives no support to appellant's contention that the lower court should have entered judgment in his favor.

We are not warranted on the facts in this record in disturbing the judgment of the circuit court, even though we might assume that the county treasurer would make unwarranted demands upon appellant as a condition of payment. Even if that might be the case, appellant is deprived of no rights, since he would still be entitled, upon petition in the condemnation proceedings in the circuit court and making proper proof of his title on the hearing thereof, to the same right to obtain a judgment in his favor which he would have had under his present petition filed herein if he had presented such proof of title. There is nothing in the record before us which would justify reversal. The judgment of the circuit court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE MURPHY, dissenting.