JOSEPH W. CLEMENT, Appellant, *v.* MURRAY MCCONNEL, Appellee.

APPEAL FROM MORGAN.

An instruction which assumes, that if the statements of a particular witness are believed, that then a plaintiff has a right to recover, notwithstanding the evidence introduced tending to show a different state of facts, would be erroneous.
A plaintiff is not entitled, as a matter of course, to recover interest on the balance due him upon an account.

THIS was an action of assumpsit brought by appellant, to recover compensation for board and lodging of appellee and his family. The cause was heard before WOODSON, Judge, and a jury, at March term, 1852, of the Morgan Circuit Court, and resulted in a verdict and judgment for the appellee.

The opinion of the court contains a history of the case.

D. A. SMITH, for appellant.

M. MCCONNEL, *pro se.*

TRUMBULL, J. On the 15th of April, 1848, the parties entered into a written contract, whereby the plaintiff agreed to board the defendant and his family for one year, at the rate of two dollars per week for each person, deducting lost time, and the defendant to furnish his own rooms. It was admitted on the

trial that this contract had been fully complied with; and it was proven, that the defendant and his family had continued to board with the plaintiff from the 15th of April, 1849, the time when the written contract expired, till the 30th of April, 1850, for which the plaintiff had charged at the rate of two dollars and fifty cents for each person per week, and refused to make any deduction for lost time. The defendant proved that, at the rate of two dollars per week for each person, the plaintiff had been fully paid for the whole time he had boarded defendant and his family. George Clement, a witness in behalf of the plaintiff, testified that about the 15th of April, 1849, he was present at a conversation had between the parties, in which the defendant asked the plaintiff to renew the written contract between them about boarding, to which the plaintiff replied, " No; " that if defendant boarded with him any longer he should pay two dollars and a half per week for himself and for each of his family, and that he would not deduct for any lost time; whereupon the defendant said he would leave the house, and the plaintiff replied, " Very well," when the parties separated.

The plaintiff sued the defendant in assumpsit, to recover according to the prices he had charged. The defendant pleaded non-assumpsit and payment with notice of setoff. The cause was tried by a jury, who returned a verdict for the defendant; and the only question in the case arises upon the refusal of the court to give to the jury the following instruction, asked by the plaintiff: " If the jury believe the statements of George Clement, in his deposition, to be true, and that the defendant and members of his family boarded with the plaintiff from the 15th of April, 1849, to the 30th of April, 1850, according to the specifications of the account sued on in this case, then the measure of the plaintiff's damages is at the rate of two dollars and fifty cents per week for boarding defendant and each member of his family, and that deducting what the defendant might have paid, the plaintiff is entitled to a verdict, for the balance that was due, on the 30th of April, 1850; and that the jury may allow the plaintiff interest on the balance of account from that date if they see fit."

The instruction assumed that if the statements of the witness Clement were believed, they were conclusive of the plaintiff's right to recover at the rates mentioned by him, notwithstanding there might have been as there really was, other evidence in the case, such as the receipt of the two dollars per week, tending to show that the parties subsequent to the time of the conversation detailed by the witness, had come to a different understanding. In this point of view the instruction

was clearly erroneous, as it would have withdrawn from the consideration of the jury all the facts in the case relative to the price of board, except those stated by the plaintiff's witness.

The instruction was also properly refused on another ground. According to the decisions of this court in the cases of Sammis *v.* Clark, and Hitt *v.* Allen, 13 Illinois, 544 & 592, the plaintiff would not have been entitled to interest even had a balance been due him.

*Judgment affirmed.*