JAMES F. ALDRICH *et al.*, Appellants, *v.* JOHN H. DUNHAM *et al.*, Appellees.

APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

Interest upon an account will not be allowed, unless there is unreasonable and vexatious delay in the payment of the money.

To appear and defend a suit, is not an act to be construed into unreasonable and vexatious delay in the payment of money.

THIS cause was heard before J. M. WILSON, Judge, and a jury, at February term, 1855, of the Common Pleas Court. The case is stated in the opinion of the court.

DICKEY, MATHER and TAFT, for Appellants.

GOODRICH and SCOVILLE, for Appellees.

SKINNER, J. Hinsdale and Dunham sued Aldrich, Medbury and Smith, in the Cook county court of common pleas, to recover the amount of a book account, for goods sold and delivered.

The defendants appeared and defended against the demand. Upon the trial, no evidence was offered to the jury of an express or implied contract to pay interest on the account.

The court, at the instance of the plaintiffs, instructed the jury as follows: "If the jury shall believe, from the evidence, that said defendants, as partners, were doing business in Chicago, and as such partners, purchased goods of the plaintiffs, and directed them to be sent to their place of business, by a drayman, and they were so purchased and sent by a drayman, then the defendants are liable for the price of said goods, and interest from the commencement of the suit."

The defendants excepted. The jury found for the plaintiffs. The defendants moved for a new trial, which motion was overruled, and judgment rendered upon the verdict. The defendants excepted, and appealed to this court. If this instruction is not the law, the judgment must be reversed.

This court has several times decided, that in the absence of a contract for interest, none can be recovered, except in the cases specially provided for in the statute. Rev. Stat. 294, Sec. 2.

This statute provides for interest on bonds, bills, promissory notes, etc., after they become due, and on money lent, money due on settlement of accounts, on money received to the use of another and retained without the owner's knowledge, and on money withheld by unreasonable and vexatious delay of payment. There is no evidence in the record of any act of the defendants to hinder or delay payment, nor of a settlement of accounts.

In the case of *Sammis* v. *Clark et al.*, 13 Ill. 544, this court held, that upon book accounts something more than delay of payment was necessary to authorize the recovery of interest; that the debtor must have thrown obstacles in the way of collecting the demand, or by circumvention, contrivance or management of his own, have induced the creditor to delay collection.

The mere fact of appearing and defending the suit, is not sufficient, under the construction given this statute, and which construction we do not think right to disturb, to authorize the recovery of interest from the commencement of suit.

To appear and defend a suit is a right which cannot be construed into "unreasonable and vexatious delay of payment," without impairing the right itself.

The instruction is therefore wrong. *Hilt* v. *Allen*, 13 Ill. 592; *Clement* v. *McConnel*, 14 Ill. 154.

*Judgment reversed.*