(No. 35626.—

LAKEFRONT REALTY CORPORATION, Appellant v. FRANCIS
S. LORENZ, County Treasurer, Appellee.

*Opinion filed May 18, 1960.*

ADELBERT BROWN, and McDONALD & SCHMIDT, both of Chicago, for appellant.

BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRANCIS X. RILEY, and EDWARD J. HLADIS, Assistant State's Attorneys, of counsel,) for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

Plaintiff, the Lakefront Realty Corporation, prosecutes this appeal from a decree of the circuit court of Cook County which, on the ground of lack of jurisdiction, dismissed an amended complaint whereby it was sought to enjoin defendant, the county treasurer, from apportioning or disbursing allegedly excessive 1958 taxes totalling $3,069,442 collected for the county corporate fund. The revenue is involved giving us jurisdiction on direct appeal. *Lackey* v. *Pulaski Drainage Dist.* 4 Ill.2d 72.

On June 22, 1959, as soon as the 1958 tax was extended, plaintiff filed a complaint alleging that .022% of the total county rate of .282% had been levied to produce revenue for the corporate fund in excess of its appropriated needs and prayed that its collection be enjoined on the grounds that the excess was an unauthorized tax, and that plaintiff was without an adequate remedy at law. Before issue could be joined under this complaint the 1958 taxes became due and went into collection, whereupon plaintiff paid its taxes in full, under protest, and filed an amended complaint in this cause. The latter pleading, purporting to be for a class, repeated the allegations of an unauthorized tax and inadequate remedy at law, alleged that plaintiff and countless other persons had been incorrectly compelled

to pay the unauthorized tax under pressure of severe statutory penalties, and prayed that defendant be enjoined from apportioning or disbursing such tax. Additionally, the amended complaint contained a general prayer for equitable relief under which it is claimed that equity, in the exercise of its traditional powers, may order a refund of the unauthorized tax. Defendant filed an answer to the amended complaint, after which the chancellor, on plaintiff's motion, entered an order directing defendant to impound until further order $1,000,000 of the 1958 taxes collected for the corporate fund. When the cause came on for trial plaintiff introduced evidence and rested its case, at which time defendant moved to dismiss the suit for lack of jurisdiction. The chancellor granted the motion and entered the decree of dismissal from which plaintiff appeals, but continued in force, pending appeal, the impounding order he had previously entered. Defendant took a cross appeal from the latter part of the decree but has not pursued it in his brief or argument to this court.

In light of the decree of dismissal, the single issue before us is the extent to which equitable relief may be obtained in matters involving the public revenue. Numerous decisions of this court have developed a sharply defined doctrine in this area in preservation of the principle that equity will not, under the guise of enjoining the collection of an illegal tax, usurp the jurisdiction belonging to the county court in matters concerning the collection and objection to taxes. Except where a tax is unauthorized by law, or where the taxation is by officials without authority to act, or where a tax is levied upon exempt property, it has become the general rule that equity will not assume jurisdiction to enjoin the collection of tax or assessment unless special grounds for equitable jurisdiction exist, such as fraud, irreparable injury and cloud upon title, or unless the plaintiff does not have an adequate remedy at law. (*Lackey* v. *Pulaski Drainage Dist.* 4 Ill.2d 72; *Budberg*

v. *County of Sangamon,* 4 Ill.2d 518; *Ames* v. *Schlaeger,* 386 Ill. 160; *Owens-Illinois Glass Co.* v. *McKibbin,* 385 Ill. 245.) The same rule, and the exceptions thereto, have application where injunction is sought against the collection of additional taxes, or where, as here, equitable relief is sought to prevent the expenditure of tax money already collected. (*Herschbach* v. *Kaskaskia Island Sanitary and Levee Dist.* 265 Ill. 388; *Brown* v. *Jacobs,* 367 Ill. 545.) On the other hand, if the taxing power is wholly present, but has been exercised in an irregular or erroneous manner, it gives rise merely to an irregular or erroneous tax which will not be enjoined in equity, as distinguished from one that is wholly unauthorized by law. *Ames* v. *Schlaeger,* 386 Ill. 160.

To bring the present case within the jurisdiction of equity plaintiff contends, first, that the alleged excess tax complained of is an unauthorized tax and, second, that its remedy at law is neither speedy nor efficient and is thus inadequate. Defendant, for his part, defends the adequacy of the legal remedy and asserts that equitable jurisdiction was properly refused because there is involved here only an erroneous or irregular tax, as distinguished from one that is unauthorized and void.

Facts essential to a better understanding of plaintiff's position center around revenue estimated to be received from nontax sources, but which has a direct effect upon the amount of taxes that may be levied. In preparing the 1958 budget and appropriation bill, the county officials listed among the resources available to meet the obligations of the corporate fund the sum of $16,952,000, representing the estimated revenue to be received from fee offices during 1958, and the sum of $450,000, representing an estimate of 1958 collections of taxes more than two years delinquent.

The gist of plaintiff's claim to an unauthorized tax is that the county officials levied taxes in excess of the needs

of the corporate fund and created an unnecessary surplus therein by deliberately underestimating the amount of revenue from the two nontax sources referred to above. In other words, it is plaintiff's contention that by underestimating income from the nontax sources, the county officials caused a higher levy and collection of taxes than was needed and created a corresponding unnecessary accumulation in the corporate fund. By subtracting the estimated figures for 1958 from the average annual income from these two sources for the five years preceding, it is claimed that the underestimate in 1958 caused an excess tax and an unnecessary accumulation of $3,069,442. Bottomed on the premise that taxing officials have authority to raise by taxation only such sums of money as may be necessary to defray all necessary expenses and liabilities, and looking to the decisions of this court which have sustained objections to taxes found to result in an unnecessary accumulation of public funds, plaintiff concludes that, to the extent of the excess noted above, the 1958 tax was levied without warrant of law and is thus an unauthorized and void tax which permits the jurisdiction of equity to be invoked. Stated differently, it is plaintiff's claim that the corporate fund tax produces $3,069,442 in excess of the amount necessary to satisfy the appropriated needs and that such tax, to the extent of this unnecessary amount, is unauthorized and levied without warrant or authority of law.

While it may be conceded that the end product of a levy that produces taxes palpably in excess of need has at times been variously described as a "void" tax, (*People ex rel. Toman* v. *110 South Dearborn Street Building Corp.* 372 Ill. 459,) or as an "illegal" tax, (*People ex rel. Brenza* v. *Fleetwood,* 413 Ill. 530,) it does not necessarily follow that equity will or must intervene. While not conclusive, doubt is immediately raised by the observation in *Ames* v. *Schlaeger,* 386 Ill. 160, at 165, to the effect that no case

has been found where equity has assumed jurisdiction to adjudicate the proper rate at which a tax should have been extended, it appearing rather that the protection of equity has been extended to restrain the collection of a tax alleged to be void and unauthorized, only where the validity of the entire tax item is in issue. Here, plaintiff concedes the validity of the greater portion of the corporate fund levy and is objecting only to a small part thereof. Moreover, the portion of any tax to which a successful objection is made is in a sense void, illegal or unauthorized and to say that equity will assume jurisdiction to determine such partial validity would usurp completely the jurisdiction given to the county court over such tax matters.

However, quite apart from any consideration of the limits of equity jurisdiction suggested by the language of the *Ames case,* defendant asserts, and we think correctly so, that the issue here concerns an irregular or erroneous tax, in that the only question for determination is, not the lack of authority, but whether the taxing officials have properly exercised their authority. By the terms of section 61.7 of the Counties Act, (Ill. Rev. Stat. 1957, chap. 34, par. 64.7,) which has application to Cook County, county officials are not only given the power but also the duty to make estimates "of all other current revenue to be derived from sources other than * * * taxes." Concerning this, and comparable statutory language, we have held on many occasions that estimates of assets available, receipts and expenditures which must be made before taxes are levied are matters which the legislature has left to the sound business judgment of the taxing authorities, and that courts will not interfere unless it appears there has been an abuse of discretion. (*People ex rel. Kramer* v. *Chicago, Burlington and Quincy Railroad Co.* 8 Ill.2d 382; *People ex rel. Brenza* v. *Gebbie,* 5 Ill.2d 565; *People ex rel. Brenza* v. *Chromium Corp.* 3 Ill.2d 271; *People ex rel. Schlaeger* v. *Siebel,* 388 Ill. 98.) Again, in *People ex rel. Brenza* v.

*Fleetwood,* 413 Ill. 530, at 537, we said: "By necessity the estimates required by statute demand some speculation, and it is only reasonable to expect some error." Within the cited decisions some underestimates have been condemned and others upheld, dependent entirely upon the circumstances in each case. Since we are inquiring into an area where the taxing officials are vested with discretion, it is unrealistic to say that equitable relief must be forthcoming wherever an erroneous estimate of nontax revenue is made.

Although plaintiff suggests throughout its brief that the county officials "deliberately" underestimated nontax revenues, and charges that their action is tantamount to "extortion" from the taxpayers, its amended complaint charges neither actual fraud, nor a tax so grossly excessive as to be constructively fraudulent, nor any other special grounds upon which equity will take jurisdiction. (See: *Budberg* v. *County of Sangamon,* 4 Ill.2d 518, 520.) In view of the express statutory authority given the county officials to make the estimates in question, as well as the judicial construction which has been placed upon such grant of authority, it is manifest that the issue here pertains to an erroneous or irregular tax. The power to levy the tax was not wanting, nor was the tax illegal *per se,* and the sole question for determination is whether, under the facts and circumstances peculiar to this case, the county officials made a mistake in judgment and abused their discretion in making the challenged estimates as they did. Under these circumstances the chancellor properly found that the jurisdiction of equity could not be invoked.

Plaintiff admits, as this court expressly found in *Ames* v. *Schlaeger,* 386 Ill. 160, that sections 194 and 235 of the Revenue Act of 1939, as amended, (Ill. Rev. Stat. 1959, chap. 120, pars. 675 and 716,) provide a remedy at law for the recovery of illegal taxes paid on real estate, but, as a further basis for the claim that equity should take jurisdiction in this cause, insists that such remedy is

inadequate because it is not equally as efficient as the remedy in equity, (see: *People* v. *Bordeaux,* 242 Ill. 327, 333,) and because it does not provide "the same measure of relief" as does equity. (See: *People Gas Light and Coke Co.* v. *Slattery,* 373 Ill. 31, 42.) Specifically, it is urged that on the basis of language found in *Hopkins* v. *Southern California Telephone Co.* 275 U.S. 393, 72 L. ed. 329, that the statutory remedy is inadequate because it does not provide for the recovery of interest on tax refunds and, second, that it does not give speedy relief.

As to the first proposition, the answer must turn on whether or not a taxpayer is in fact entitled to interest on tax refunds. While *People* v. *Baldwin,* 287 Ill. 87, and *People ex rel. Brown* v. *Stelle,* 361 Ill. 45, indirectly concern the problem, the direct question whether interest may be allowed on tax refunds appears to be one of first impression in this State. Authorities elsewhere are in extreme conflict and are difficult to reconcile. Many courts have held that where the taxpayer is entitled to a refund on an excess payment of taxes, he is likewise entitled to interest on the refund as a matter of course, provided no statute or public policy mitigates against it. (*Philadelphia & Reading Coal & Iron Co.* v. *School Dist.* 304 Pa. 489, 156 Atl. 75; *State Tax Com.* v. *United Verde Extension Mining Co.* 39 Ariz. 136, 4 P.2d 395; *Williams* v. *Harvey,* 91 Mont. 168, 6 P.2d 418; *Mullaney* v. *Hess,* (9th cir.) 189 F.2d 417.) The contrary view, fully and ably set forth in *Schlesinger* v. *State,* 195 Wis. 366, 218 N.W. 440, is that interest cannot be allowed upon taxes that were illegally collected in the absence of a statute expressly providing for interest. (See also: *Hahne Realty Co.* v. *City of Newark,* 119 N.J.L. 12, 194 Atl. 191; *New England Mutual Life Ins. Co.* v. *Reece,* 169 Tenn. 84, 83 S.W.2d 238; *Cannon* v. *Maxwell,* 205 N.C. 420, 171 S.E. 624; *Ford Motor Co.* v. *State,* 65 N.D. 316, 258 N.W. 596; *Kitt-*

*ridge* v. *Boyd,* 137 Kan. 241, 20 P.2d 811; *Bertelsen &
Petersen Engineering Co.* v. *United States,* 60 F.2d 745;
*United States* v. *Comanche County,* (W.D. Okla.) 6. F.
Supp. 401; *United States* v. *Pawnee County,* (N.D. Okla.)
13 F. Supp. 641, cf. *City of Pekin* v. *Reynolds,* 31 Ill. 529.)
The latter view has its antecedents in the rule that interest,
being a creature of statute, is recoverable only by statute or
contract, and in the practical aspects of the circumstances
that a tax collector, being a mere trustee of public funds
collected for specific purposes, has no money to pay interest
in the absence of statutory authority to establish a fund
for that purpose.

We are of the opinion the latter view is the only view
compatible with the statutory system which provides for
the appropriation, levy, collection and disbursement of taxes
in this State, and we think too, as other courts have pointed
out, (*Kaemmerling* v. *State,* 81 N.H. 405, 128 Atl. 6;
*Schlesinger* v. *State,* 195 Wis. 366, 218 N.W. 440,) that
the silence of our refund statute on the question of interest
discloses a legislative intention to deny it. Accordingly, we
conclude that plaintiff is not entitled to interest in the ab-
sence of a statute imposing that liability. This being so,
the failure of the statutory remedy to provide for the
recovery of interest is no measure of its adequacy or in-
adequacy.

Plaintiff's contention that the legal remedy is inadequate
because prompt relief is not given is likewise unavailing.
The arguments addressed to this court do not deal with
inadequacies within the remedy itself, but with alleged
dilatory practices of the collector which delay proceedings
under the remedy. Apart from the fact that the bulk of
this argument is based completely on matters *de hors* the
record, the actions complained of, which plaintiff is not
powerless to counteract, are no reflection upon the adequacy
or inadequacy of the remedy itself. Moreover, there is

no showing here that a prompt adjudication under the statutory remedy has ever been denied to any taxpayer requesting it.

Some claim is next made that a statutory remedy which requires taxes to be paid in full before objection can be made, (Ill. Rev. Stat. 1959, chap. 120, par. 675,) compels a taxpayer to purchase justice in contravention of section 19 of article II of the Illinois constitution. While it is enough to say that this issue was not raised or passed upon below and is therefore not properly before us on review, the common practice of the land with respect to many taxes, such as income taxes, withholding tax and the like, serve greatly to refute the plaintiff's position.

For the reasons stated it is our opinion that the circuit court of Cook County correctly determined that equity has no jurisdiction to entertain this suit. Accordingly, the decree dismissing the complaint is affirmed.

*Decree affirmed.*