Manuel Gonzalez *et al.,* Plaintiffs-Appellants, *v.* Matthew J. Danaher, Clerk of the Circuit Court of Cook County, *et al.,* Defendants-Appellees.

(No. 60575;

First District (3rd Division)—July 3, 1975.

Bailis and Hoyt, of Chicago, for appellants.

Bernard Carey, State's Attorney, of Chicago (Sheldon Gardner, Frederic B. Weinstein, and Henry A. Hauser, Assistant State's Attorneys, of counsel), for appellees.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

The plaintiff, Manuel Gonzales, was charged with a criminal offense, and in July 1972, he deposited with the clerk of the Circuit Court of Cook County $90 to secure a bail bond in the amount of $900. The criminal charge was resolved in his favor in November 1972, and $81 of his deposit was returned to him. The remaining $9 was kept by the clerk as costs pursuant to section 110—7 of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 110—7).

It is the plaintiff's contention that the money which he deposited with the clerk was kept by the clerk in an interest bearing account and that he is entitled to the interest earned on his deposit. He further contends that his deposit was commingled with money temporarily deposited by others under the same or similar circumstances and that the total funds were managed by the clerk in the same way. He brought this action in his individual capacity for the return of the interest or profit derived by the clerk from the investment of these funds, and as the representative of all persons, first, corporations and trustees who temporarily deposited money with the clerk of the circuit court pursuant to court order or statutory provisions pending conditional return to said parties or further court order.

The clerk and his codefendants (the treasurer of Cook County and the president and members of the County Board of Commissioners) moved to dismiss the plaintiff's complaint. The trial court in a memorandum opinion, sustained the motion. The court held that the plaintiff failed to state a cause of action that he or the members of the class he purported to represent were entitled to the interest earned on the funds temporarily deposited with the clerk as bail monies; that the defendants were not trustees for the plaintiff and his class and that there was no constructive or resulting trust. The court also stated that the complaint presented a valid class action except that the problems of manageability appeared to be insurmountable.

The plaintiff's fundamental argument is that the interest should be paid to the depositors because the clerk received and held the funds as a trustee or other fiduciary for the benefit of the depositors; that as a fiduciary he owed the depositors the duty to segregate the trust funds from general funds and to account to the depositors for all earnings and profits derived from the use of the funds. It is further argued that the clerk and the other defendants, as constructive trustees, were un-

justly enriched by depositing the funds in interest bearing accounts; that they converted the interest earned to their own use and should. be ordered to render an accounting for all profits and earnings derived from the trust funds for an equitable period of time.

In Illinois, interest cannot be recovered in the absence of a contract or a statutory provision. *Aldrich v. Dunham* (1855), 16 Ill. 403. (A reaffirmation of the statutory portion of this rule can be found in *People v. Meyerowitz* (1975), 61 Ill.2d 200.) Section 110—7 of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 110—7) constituted the basis for the transaction between the plaintiff and the clerk. Interest on refunds is not provided by that statute. The statute states that the person for whom bail has been set should execute the bail bond and deposit with the clerk of the court a sum of money equalling 10% of the bail. The person is then released from custody subject to the conditions of the bail bond. The statute further provides:

> "When the conditions of the bail bond have been performed and the accused has been discharged from all obligations in the cause the clerk of the court shall return to the accused, unless the court orders otherwise, 90% of the sum which had been deposited and shall retain as bail bond costs 10% of the amount deposited."

Under section 110—8 of the Code:

> "When the conditions of the bail bond have been performed and the accused has been discharged from his obligations in the cause, the clerk of the court shall return to him or his sureties the deposit of any cash, stocks or bonds."

By its silence on the subject of interest for temporary deposits, the Code of Criminal Procedure forecloses such a remedy to depositors. In the case of *Lakefront Realty Corporation v. Lorenz* (1960), 19 Ill.2d 415, 167 N.E.2d 236, the plaintiff asked for interest on his tax refund. The court held that no interest is payable on tax refunds in Illinois because interest is a creature of statute and is recoverable only by reasons of a statute or contract, and that the tax collector had no statutory authority to pay interest or to establish a fund for that purpose. The court noted that the Illinois statutory system provides for the appropriation, levy, collection and disbursement of taxes and that the silence of the legislature on the subject of interest disclosed a legislative intent to deny it. The court concluded that the failure of the statute to provide for interest was "no measure of its adequacy or inadequacy."

The plaintiff argues that the *Lakefront* case concerned the absolute right to interest on tax refunds because no interest had been accumulated. He distinguishes it because it did not concern "Profits, earnings or

increment derived through the use of another's money as in the case at bar." However, in the case of *Clarendon Associates v. Korzen* (1973), 56 Ill.2d 101, 306 N.E.2d 299, there was interest accumulated and the supreme court repeated its position that interest is not payable on tax refunds. In *Clarendon Associates*, the trial court ordered that a sum of money equal to the disputed tax assessment being considered by the court be placed in an interest bearing account. All or part of the account would be refunded to the plaintiffs according to the final determination of the court. The reviewing court, in dismissing the plaintiff's action for other reasons, discussed the propriety of the interest bearing account. It noted that under that procedure, the taxpayer receiving a tax refund would also receive interest on the amount of tax refunded. Referring to the *Lakefront* decision, the court said that it saw no reason to depart from its position that the taxpayer is not entitled to interest on the refund.

In support of his contention that the clerk acted as a trustee or other fiduciary, the plaintiff cites the case of *United States v. MacMillan* (N.D. Ill. 1913), 209 F. 266, *aff'd*, 251 F. 55 (7th Cir. 1917), *aff'd*, 253 U.S. 195 (1920). In the *MacMillan* case the clerk of the United States District Court deposited funds in his possession in interest bearing accounts. The funds deposited included bail money deposits. The clerk was paid a certain salary and was obligated to account to the government for all emoluments of his office and fees paid to him above that amount. The question before the court was whether the interest earned on the deposited funds should be accounted for by the clerk. The District Court determined that the bail deposits, as temporary deposits, were not fees or emoluments for which he had to account to the government and that, therefore, the interest earned on those funds did not have to be included in his account. In its discussion of the clerk's accounting requirements, the District Court touched on the rights of the depositors of the bail monies to those monies while they were held by the clerk. The court said that the proprietary interest or power of disposition over the funds was retained by the litigant who deposited the funds except so far as the clerk could draw against the deposits for fees that might become chargeable against the litigant.

The only direct reference to the possible right of the litigants to interest, as distinguished from their deposits, was in the supreme court opinion affirming the decisions of the lower courts, wherein it was said:

> "* * * the question of the liability of the clerk to pay interest to litigants on money deposited by them is in a large degree covered by the rules of court annexed to the plea, which permit in the cases specified an application of a litigant to the court to

direct the allowance of such interest and to provide for its payment by the clerk when the request is granted." 253 U.S. 195, 205. The decisions in *MacMillan* were based on Federal statutes and rules, not on legal or equitable precepts concerning accountability for interest payments on bail deposits. Their focus was on the duty of the clerk to account to the government, not on the right of the depositors to recover interest earned on their deposits.

In view of our conclusion that the plaintiff is not entitled to recover interest, it is unnecessary to consider the propriety of the same action brought by him on behalf of other members of his class.

The order of the circuit court is affirmed.

Affirmed.

McNAMARA and MEJDA, JJ., concur.