ANTHONY LOCASIO et al., Plaintiffs-Appellants, v. EDWARD J. ROSEWELL, County Treasurer, Defendant-Appellee.

First District (3rd Division)   No. 76-121

Opinion filed June 29, 1977.

John T. McGarry, Ltd., of Chicago, for appellants.

Bernard Carey, State's Attorney, of Chicago (Michael F. Baccash, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

This action was brought by plaintiffs, Anthony and Kathleen Locasio, Febronia and Julius Conde and Ben Sidote, and Gerald and Marilyn Watson, as a class action, each set of plaintiffs representing a class of persons similarly situated, for payment of interest earned on funds deposited with Cook County Treasurer Edward J. Rosewell, as a result of various condemnation proceedings concerning parcels of land in which plaintiffs had an interest. Plaintiffs requested an accounting and an injunction requiring the defendant to pay the interest accrued to the appropriate parties. The case was dismissed with prejudice upon defendant's motion. Plaintiffs now appeal from that dismissal.

Plaintiffs alleged in their amended complaint that they had an interest in various parcels of land located in Cook County, each of which parcels had been the subject of judicial condemnation proceedings pursuant to the Eminent Domain Act (Ill. Rev. Stat. 1973, ch. 47, par. 1 *et seq.*). These proceedings resulted in funds being deposited by the condemning authorities with the county treasurer for disposition pursuant to court order and in accordance with the Act. Plaintiffs alleged that while the county treasurer had these funds, he invested them in interest-bearing bank accounts, and the interest earned was deposited in the general county corporate fund. Plaintiffs contend that this interest should be allocated and distributed in the same manner that the principal is ultimately distributed—to those parties who were the defendants in the condemnation proceedings, in this case, to the plaintiffs.

Plaintiffs Anthony and Kathleen Locasio were parties to an eminent domain proceeding, as a result of which an award which was determined to be just compensation for the taking of their property was deposited with the county treasurer and available for withdrawal on the date of deposit. (Ill. Rev. Stat. 1973, ch. 47, par. 2.4.) At that time, the condemning body was vested with fee simple title to that property.

Plaintiffs Gerald and Marilyn Watson were owners of certain real property in Cook County which was acquired by the Department of Transportation pursuant to a quick-take proceeding. The condemning authority took possession of the Watsons' property upon deposit with the county treasurer of an amount equal to the court's preliminary finding of just compensation. That amount was available for withdrawal on the date of deposit, pursuant to statute (Ill. Rev. Stat. 1973, ch. 47, par. 2.4).

Plaintiffs Febronia and Julius Conde and Ben Sidote had been

defendants in a condemnation case, No. 74 L 10441. Upon withdrawal of the amount found to be just compensation by the court, the county treasurer withheld an amount equal to 125% of the previous year's real estate taxes for payment of the current year's tax liability. Plaintiffs do not object to the withholding of this amount, but do contend that the interest earned on these funds up to the date the taxes became due should be awarded to them.

Plaintiffs filed this lawsuit as three class actions, each group of plaintiffs representing persons similarly situated, requesting an accounting and an injunction requiring defendant to pay interest accrued to the appropriate plaintiffs. Defendant's motion to dismiss was granted, and plaintiffs now appeal that dismissal. Issues presented for review are whether the complaint was properly dismissed because plaintiffs alleged neither a contract nor statute entitling them to interest; whether the statutory provisions governing investment of funds by public agencies (Ill. Rev. Stat. 1973, ch. 85, pars. 901, 902) are applicable; whether application of these statutory provisions would constitute a taking of plaintiffs' property without just compensation or due process in violation of the fifth and fourteenth amendments to the United States Constitution and article I, sections 2 and 15 of the 1970 Illinois Constitution; whether the case was properly brought as a class action; and whether there was an adequate remedy at law.

Plaintiffs contend that since title to property which was the subject of condemnation proceedings passes to the condemning body at the time the compensation award is deposited with the county treasurer, the monies so deposited are at that time the property of the former landowners. Plaintiffs argue that the position of the county treasurer is analogous to that of a court-appointed trustee, and as such, the county treasurer has a duty to account for any interest or earnings obtained through the use of said monies. Since the funds deposited with the county treasurer are the property of the owner of the real estate which was taken in the eminent domain proceedings, then the interest earned should inure to the benefit of that property owner, since "[t]he right to interest follows the ownership of the principal debt * * *." (23 Ill. L. & Prac. *Interest* §81, at 35 (1956).)

■■ It is well settled that in Illinois, in the absence of a contract or statutory provision, interest is not recoverable. (See *People v. Meyerowitz* (1975), 61 Ill. 2d 200, 211, 335 N.E.2d 1; *Aldrich v. Dunham* (1855), 16 Ill. 403, 404.) This proposition has its roots in the rule that interest is a creature of statute, and should be recoverable only by statute or contract. *Lakefront Realty Corp. v. Lorenz* (1960), 19 Ill. 2d 415, 423, 167 N.E.2d 236.

Plaintiffs contend that these cases are inapplicable to the case at bar

because the cited cases involved persons who deposited funds and were to be paid interest out of the public treasury. Plaintiffs urge that where interest is earned on condemnation funds deposited with the county treasurer, the owner of the funds, "indisputably the condemnee," is entitled to the interest generated by his funds. However, in *Gonzalez v. Danaher* (1975), 30 Ill. App. 3d 992, 332 N.E.2d 603, the plaintiff similarly argues that such cases were distinguishable because they did not involve earnings "derived through the use of another's money" (*Gonzalez* at 995). The plaintiff in *Gonzalez* had deposited $90 with the clerk of the Circuit Court of Cook County to secure a bail bond in the amount of $900. When the criminal charge filed against him was returned in his favor, the plaintiff attempted to recover the interest earned on his deposit. The court, in holding that the plaintiff was not entitled to any interest earned, relied on those cases which hold that interest cannot be recovered in the absence of a contract or statute (see *Aldrich v. Dunham* (1855), 16 Ill. 403; *People v. Meyerowitz* (1975), 61 Ill. 2d 200, 335 N.E.2d 1), thus finding that interest could not be recovered even when it had actually been earned on the claimant's funds. *Gonzalez* at 994-96.

■■ Plaintiffs argue that the county treasurer holds the funds in question in trust for the owners, and that because of this fiduciary relationship, the interest or earnings necessarily belong to the plaintiffs as beneficiaries. Plaintiffs rely on *County of Cook v. Vander Wolf* (1946), 394 Ill. 521, 528, 69 N.E.2d 256, 260 where the court, referring to a condemnation award, stated:

"The treasurer holds the money in trust for the owners thereof, who may compel payment to them at any time * * *."

However, in *Vander Wolf*, the issue confronting the court was whether public use of property taken through eminent domain proceedings had to be delayed until all interests in the property had been ascertained and the proper distribution of the compensation award definitely determined. The court's reference to holding the money "in trust" was in support of its proposition that the payment to the county treasurer "fully protects the rights of all parties" (*Vander Wolf* at 528), and that since the former property owner's right to his just compensation was fully protected, there was no reason to delay use of the property until the money had in fact been disbursed. We do not believe that the court was establishing that, as a matter of law, a county treasurer is a trustee of condemnation funds deposited with him.

■■ As stated in *Kilgore v. State Bank of Colusa* (1939), 372 Ill. 578, 584, 25 N.E.2d 39, there is no fiduciary relationship between a debtor and a creditor, as there is none here between plaintiffs and the county treasurer. If the funds deposited by the county treasurer were lost through no negligence on his part, he would remain liable to the plaintiffs for the

amount of their awards, whereas a trustee would not. (See Restatement (Second) of Trusts §12 (1959).) "Where the only duty of a person is to be always ready to pay over money whenever another is entitled to receive it, he is not ordinarily chargeable with interest." (*Mathewson v. Davis* (1901), 191 Ill. 391, 398, 61 N.E. 68.) Since the county treasurer has a duty to release the funds upon application of the former property owners at any time after those funds have been deposited with him (Ill. Rev. Stat. 1973, ch. 47, pars. 10, 14), he has no liability for interest.

As stated by the court in *Lakefront Realty Corp. v. Lorenz* (1960), 19 Ill. 2d 415, 423, 167 N.E.2d 236, this is the "only view compatible with the statutory system which provides for the appropriation, levy, collection and disbursement of taxes." Similarly the Eminent Domain Act (Ill. Rev. Stat. 1973, ch. 47, par. 1 *et seq.*) details all aspects of condemnation proceedings, including when interest is payable and who is to pay it (Ill. Rev. Stat. 1973, ch. 47, par. 2.6). However, there is no provision for the payment of interest in the situation presented by plaintiffs. The court in *Lakefront Realty* concluded:

> "[t]he silence of our * * * statute on the question of interest discloses a legislative intent to deny it. Accordingly, we conclude that plaintiff is not entitled to interest in the absence of a statute imposing that liability." *Lakefront Realty Corp. v. Lorenz* (1960), 19 Ill. 2d 415, 423, 167 N.E.2d 236.

We find the rationale of these cases, and the silence of the legislature on the issue of payment of interest on condemnation awards deposited with the county treasurer, to be dispositive of the issue.

Additionally, "An Act concerning county treasurers, * * * and concerning public funds within their custody * * *" (Ill. Rev. Stat. 1973, ch. 36, par. 17 *et seq.*) directs that interest on such funds be credited to the county's corporate fund. Section 1 of that act defines "county moneys" as:

> "all moneys to *whomsoever belonging,* received by or in possession or control of the incumbent of the office of county treasurer when acting as such or in any other official capacity incident to his incumbency of the office of county treasurer." (Emphasis added.) (Ill. Rev. Stat. 1973, ch. 36, par. 17.)

This would include money deposited with the county treasurer pursuant to condemnation proceedings under the Eminent Domain Act (Ill. Rev. Stat. 1973, ch. 47, par. 1 *et seq.*). Interest earned on "county moneys" is covered by section 6.1 of the Act, which provides:

> "All earnings accruing on any investments or deposits made by the County Treasurer * * * of county monies as in this Act is defined, shall be credited to and paid into the County Treasury for the Benefit of the county corporate fund to be used for county purposes, except where by specific statutory provisions such

earnings are directed to be credited to and paid to a particular fund." Ill. Rev. Stat. 1973, ch. 36, par. 22.1.

■■ Certainly a condemnation award deposited with the county treasurer pursuant to an eminent domain proceeding is included in the definition of "county moneys": "all moneys to whomsoever belonging." There can be no question that the interest earned is to be deposited into the county corporate fund.

Plaintiffs' reliance on *United States v. MacMillan* (N.D. Ill. 1913), 209 F. 266, *aff'd* (7th Cir. 1917), 251 F. 55, *aff'd* (1920), 253 U.S. 195, 64 L. Ed. 857, 40 S. Ct. 540, is misplaced, since the decision in that case was based on Federal statutes and rules, not on the legal or equitable principles concerning accountability for interest. (See *Gonzalez v. Danaher* (1975), 30 Ill. App. 3d 992, 995-96, 332 N.E.2d 603.) Similarly, the California cases cited by plaintiffs rely on statutory interpretation to justify the awarding of interest.

Since we do not find resolution of the question of the applicability of sections 1 and 2 of "An Act relating to certain investments of public funds by public agencies" (Ill. Rev. Stat. 1973, ch. 85, pars. 901, 902) necessary to the outcome of this case, we need not consider the constitutionality of those sections. In view of our analysis of the issues presented for review, it is unnecessary to weigh the adequacy of the legal remedy or the propriety of a class action in this situation.

For the foregoing reasons, the judgment of the trial court of Cook County dismissing plaintiffs' complaint is affirmed.

Affirmed.

SIMON, P. J., and McNAMARA, J., concur.