MORTON GROVE PARK DISTRICT, Petitioner, *v.* AMERICAN NATIONAL BANK AND TRUST COMPANY, Trustee, Defendant-Appellant.—(EDWARD J. ROSEWELL, Treasurer of Cook County, Appellee.)

First District (5th Division)   No. 77-1573

Opinion filed December 29, 1978.

Earl L. Neal, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Paul P. Biebel, Jr., Mercer Cook, and Michael F. Baccash, Assistant State's Attorneys, of counsel), for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Defendant, the condemnee, appeals from an order denying it the income earned on a condemnation award deposited with the Treasurer of Cook County (Treasurer) by the condemnor, Morton Grove Park District (the Park District). The issues presented for review are (1) whether denying the condemnee the income earned by the Treasurer on the deposited condemnation award during the pendency of its appeal deprived it of just compensation for its property; and (2) whether the earnings of such a deposited award should have been paid to the condemnee under general trust principles.

The facts are not in dispute. It appears that on December 11, 1972, the Park District (not a party to this appeal) petitioned to condemn certain real estate belonging to defendant. A jury found the fair market value to be $1,000,000, and judgment was entered thereon. Subsequently, the amount of the judgment plus $15,478.06, the statutory interest on the award from the date of the judgment until the date of deposit, was deposited by the Park District with the Treasurer. The Park District, under court order, took possession of the real estate. This order also required a $200,000 surety bond to secure "the payment of such compensation as may be finally adjudged in this cause."

On appeal, this court in *Morton Grove Park District v. American National Bank & Trust Co.* (1976), 39 Ill. App. 3d 426, 350 N.E.2d 149, affirmed both the judgment entered on the jury's award of $1,000,000 as just compensation for the property taken and the order transferring possession to the Park District, pursuant to section 13 of the Eminent Domain Act. (Ill. Rev. Stat. 1977, ch. 47, par. 13.) Thereafter, defendant petitioned the trial court seeking, among other things, an order directing the Treasurer to pay it not only the $1,015,478.06 deposited but also the interest earned by the Treasurer on said sum from the date it was deposited until the date of payment to defendant.

The trial court directed the payment of the $1,015,478.06 to defendant but denied its request for payment of the interest earned by the Treasurer on the deposited award while the case was being appealed. Defendant appeals from that portion of the order denying it the earned interest, which the parties agree amounted to $92,357.08.

OPINION

The contention of defendant that it is entitled to the amount earned by the Treasurer on the deposited award presents a question of first impression in this State. Defendant, however, suggests two supporting bases for its position—the first of which is that the refusal of the interest

earned was a denial of its right to just compensation for the taking of its property.

■■ ■ In the consideration of this argument, we initially note that the constitutionality of section 13 of the Eminent Domain Act, the authority for the trial court's grant of possession to the Park District, has been specifically upheld. (*Department of Public Works & Buildings v. Butler Co.* (1958), 13 Ill. 2d 537, 546, 150 N.E.2d 124; *Village of Prairie du Rocher v. Schoening-Koenigsmark Milling Co.* (1911), 251 Ill. 341, 96 N.E. 249.) We further note, and defendant agrees, that under Illinois law a condemnee may not accept a condemnation award and also maintain an appeal, as such acceptance renders moot any question as to the sufficiency of the award. (See *County of Cook v. Malysa* (1968), 39 Ill. 2d 376, 235 N.E.2d 598; *Department of Public Works & Buildings v. Forbeck* (1969), 118 Ill. App. 2d 231, 254 N.E.2d 182.) Therefore, as defendant points out, in order to exercise its right of appeal, it was required to leave the amount of the award and interest on deposit with the Treasurer for the full time necessary to complete the appeal process and that, during this time, the Park District had full possession of the property. Thus, not having the use of either the award or the property during the appeal, it maintains that the denial of the earnings generated during the appeal by the deposited award deprived it of its constitutional right to just compensation.

While the deposited sum included statutory interest on the judgment to the date of deposit, it is clear that defendant does not seek further interest on the judgment. It asks only for the payment of $92,357.08—the amount actually earned by the Treasurer on the sum deposited which, it argues, should be paid as just compensation for the period during the appeal that it was deprived of both the use of its property and the award.

■■■ We note, however, that when compensation is awarded under the Eminent Domain Act and deposited with the Treasurer in accordance with the provisions of section 13 of that Act, the statutory and constitutional requirements of just compensation are satisfied (*Department of Public Works & Buildings v. Butler Co.*) and that when such an award is paid or deposited, all rights are fixed as of the date the petition to condemn was filed, as such date is viewed as the time of taking (see *Board of Junior College District 504 v. Carey* (1969), 43 Ill. 2d 82, 250 N.E.2d 644.) In the instant case, by the determination of the jury and the judgment entered thereon, the market value of defendant's property was established as $1,000,000. When that amount was deposited with statutory interest on the judgment to the date of deposit, the requirements of just compensation were satisfied. (*Department of Public Works & Buildings v. Butler Co.*) Thus, when the judgment and the order of possession

to the Park District were affirmed on appeal, there remained no question as to just compensation within the meaning of the Eminent Domain Act. We therefore reject defendant's argument that the income earned on the deposited monies should be considered as additional just compensation for the period during the first appeal that defendant did not have the use of its property or the award.

Defendant next contends that the interest earned should be paid to it because the Treasurer acted as its trustee while the award was on deposit. We disagree.

■ We view *Locasio v. Rosewell* (1977), 50 Ill. App. 3d 704, 365 N.E.2d 949, as being dispositive. There, the same contention was made and the court found that the county treasurer was not the trustee of condemnation funds deposited with him. Furthermore, the concept of a trust presupposes an obligation arising out of a confidence reposed in a person for the benefit of another to act in accordance with such confidence. (*Gurnett v. Mutual Life Insurance Co.* (1934), 356 Ill. 612, 191 N.E. 250; 35 Ill. L. & Prac. *Trusts* §2 (1958).) In the instant case, there was no such repose of confidence by defendant. The funds were deposited with the Treasurer by the Park District in accordance with the provisions of the Eminent Domain Act and, not only did defendant specifically disavow acceptance of the funds, but it also contested the amount of the award and the constitutionality of the statutory procedure permitting the transfer of the property.

■■■ Additionally, as stated in *S.A.S. Co. v. Kucharski* (1972), 53 Ill. 2d 139, 143, 290 N.E.2d 224, 227, "[t]he County Treasurer, while performing some functions similar to trustees, is a public official governed by the applicable legislative powers and restrictions placed upon him by the General Assembly." While the Eminent Domain Act provides for the deposit of the award upon appeal by either party (Ill. Rev. Stat. 1977, ch. 47, par. 13) and for the resolution by the trial court of conflicting claims to such deposit (Ill. Rev. Stat. 1977, ch. 47, par. 14), no provision is made for the payment of interest earned by such deposit (Ill. Rev. Stat. 1977, ch. 47, par. 1 *et seq.*). Legislative silence upon the question of interest has been deemed to be a demonstration of the intent to deny it. *Lakefront Realty Corp. v. Lorenz* (1960), 19 Ill. 2d 415, 167 N.E.2d 236.

Moreover, regarding the investment of funds held by the Treasurer, the legislature has provided that:

> "All earnings accruing on any investments or deposits made by the County Treasurer whether acting as such or as County Collector, of county monies as in this Act is defined, shall be credited to and paid into the County Treasury for the Benefit of the county corporate fund to be used for county purposes, except

where by specific statutory provisions such earnings are directed to be credited to and paid to a particular fund." (Ill. Rev. Stat. 1977, ch. 36, par. 22.1.)

And that:

"The term 'county moneys' shall include all moneys to whomsoever belonging, received by or in possession or control of the incumbent of the office of county treasurer when acting as such or in any other official capacity incident to his incumbency of the office of county treasurer." (Ill. Rev. Stat. 1977, ch. 36, par. 17.)

It has been held in *Locasio v. Rosewell* that condemnation awards deposited with the Treasurer come within the ambit of "county monies" and that interest accruing thereon is properly credited to the county corporate fund.

■■ Here, defendant has pointed to no legislative grant of authority to the Treasurer to pay out any earnings accruing on deposited condemnation awards, and we note to the contrary that the Treasurer is required by statute (Ill. Rev. Stat. 1977, ch. 36, par. 17) to credit such earnings to the county corporate fund. In view thereof, we reject the contention of defendant that payment of the earnings on the deposit should be paid to defendant by application of general trust principles.

Moreover, there appears to be merit to the position of the Treasurer that it lacked authority to pay such earnings because defendant failed to allege or establish that either a contract or a statute entitled it to such funds. See *Aldrich v. Dunham* (1855), 16 Ill. 403; *Locasio v. Rosewell*; *Gonzalez v. Danaher* (1975), 30 Ill. App. 3d 992, 332 N.E.2d 603.

Lastly, defendant contends that if the above noted statutory provisions regarding the investment of "county monies" are construed to uphold the retention by the Treasurer of the interest accrued in the instant case, such provisions unconstitutionally deprive it of its property.

■ We see no merit in this contention, for the following reasons: (1) where, as here, the amount of a condemnation award is protested by a condemnee on appeal, such award is not finally determined until the disposition of the appeal (*City of Chicago v. Albert J. Schorsch Realty Co.* (1972), 6 Ill. App. 3d 1074, 287 N.E.2d 93), and the Treasurer holds the deposited award "for the payment of such compensation as may be finally adjudged" (Ill. Rev. Stat. 1977, ch. 47, par. 13); (2) because, as stated above, when the award as initially determined by the jury was deposited with interest to the date of deposit contemporaneously with the transfer of possession, the constitutional guarantee that property should not be taken without just compensation was satisfied (see *Department of Public Works & Buildings v. Porter* (1970), 123 Ill. App. 2d 415, 259 N.E.2d 74); and (3) as determined by the trial court and affirmed by this court in the original appeal, just compensation for taking defendant's land

was $1,000,000 plus interest until the date of deposit and, by order of the trial court, was received by defendant in full.

We are cognizant of the dilemma faced by a condemnee who wishes to appeal the sufficiency of a condemnation award. If the funds deposited with the Treasurer are accepted, its right of appeal is lost, as such acceptance renders moot any sufficiency question. If they are not accepted and the appeal is prosecuted, the condemnee is deprived of the use of the award and the property during the appeal. It is for such deprivation that defendant very artfully argues that it should receive the income earned on the deposited funds.

■■ As stated above, we have rejected this argument because defendant's constitutional right to just compensation was satisfied and because there is no statutory authority requiring or permitting such payment. A further and perhaps more significant reason supporting this rejection is our belief that defendant was not and could not be considered as the owner of the deposited funds until it accepted them. Here, defendant did not accept the funds until the appeal was completed. Furthermore, its attack on the sufficiency of the award on appeal negates its ownership of the funds and it necessarily follows that if it were not the owner it should not be entitled to the interest earned on those funds. If we were to hold that a condemnee was the owner of such deposited funds, it could be argued that the rule of mootness expressed above would be applicable and future appeals contesting the sufficiency of condemnation awards would be affected.

The dilemma mentioned above appears to have resulted from the foreclosure of further statutory interest on the award when it is properly deposited in accordance with section 13 of the Eminent Domain Act. Defendant here recognizes that it is so foreclosed and does not seek statutory interest beyond the date of the deposit of the funds. Any claim by a condemnee for compensation after that date would only arise if an appeal contesting sufficiency were lost, and it appears to us that whether a condemnee losing such an appeal should receive payment for the use of the property or an award during appeal is a matter to be addressed by the legislature.

For the reasons stated, we conclude that the trial court did not err in denying defendant post-deposit earned interest, and we affirm the judgment appealed from.

Affirmed.

LORENZ and MEJDA, JJ., concur.