(No. 51698

MORTON GROVE PARK DISTRICT v. AMERICAN NATIONAL BANK AND TRUST COMPANY, Trustee, *et al.,* Appellants (Edward J. Rosewell, County Treasurer, Appellee).

*Opinion filed January 23, 1980.*

354

Earl L. Neal, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Paul P. Biebel, Jr., Deputy State's Attorney, and Mercer Cook and Michael F. Baccash, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

American National Bank and Trust Company of Chicago and others (hereinafter referred to as defendants or the condemnees), appeal from an order denying them the income earned on a condemnation award deposited with the treasurer of Cook County, by the condemnor, Morton Grove Park District (Morton Grove), during the time that expired while the condemnees appealed the amount of the award. It is now contended that denying the condemnees the income earned on the money deposited with the treasurer constitutes a taking without just compensation in violation of the Illinois and United States constitutions.

The facts of the case are undisputed. Defendants were the title owners of several parcels of real property in Morton Grove. The park district (not a party to this appeal) filed a petition to condemn the property on December 11, 1972, pursuant to the Eminent Domain Act (Ill. Rev. Stat. 1971, ch. 47, par. 1 *et seq.*). A jury found the fair market value of the property to be $1 million, and a judgment was entered on the verdict on January 31, 1974. The award, plus $15,478.06, the statutory interest on the award from the date of the judgment until the date of deposit, was deposited by the park district with the county treasurer on April 29, 1974. Pursuant to section 13 of the Act (Ill. Rev. Stat. 1973, ch. 47, par. 13), the court entered an order on May 9, 1974, placing the park district in possession of the

land. The order also required a $200,000 surety bond to secure the payment of such compensation as may be finally adjudged as provided in section 13.

Defendants appealed the amount of the award. During the appeal the park district had the possession and use of the condemned property and the treasurer of Cook County held the award. The appellate court affirmed both the determination of value and order transferring possession to the park district pursuant to section 13 of the Act. (*Morton Grove Park District v. American National Bank & Trust Co.* (1976), 39 Ill. App. 3d 426.) This court denied leave to appeal. Defendants then petitioned the trial court for an order upon the county treasurer to pay out the $1,015,478.06 plus interest earned thereon from the date it was deposited until the date of payment to defendants. The award had earned $92,357.08 through investment by the county treasurer. The trial court ordered the $1,015,478.06 paid to defendants on November 10, 1976, but denied defendants' petition for payment of the earnings on the award. The appellate court affirmed the trial court's decision. (67 Ill. App. 3d 709.) We allowed defendants' petition for leave to appeal. It is agreed that the award earned $92,357.08.

After just compensation has been determined in a condemnation suit, an award earns interest from the time the judgment is entered until the condemnor pays the award to the county treasurer. When the award, and any statutory interest that has accrued, are deposited with the treasurer, as provided in section 14 of the Act (Ill. Rev. Stat. 1973, ch. 47, par. 14), the statutory and constitutional requirements of just compensation for the property taken are satisfied. (*Department of Public Works & Buildings v. Butler Co.* (1958), 13 Ill. 2d 537, 546.) Section 13 of the Act provides that when the party in whose favor an award has been entered appeals, the condemnor shall, notwithstanding, have the right to use the property upon entering into a bond conditioned on the payment of such

compensation as may be finally adjudged. Pursuant to section 13, the trial court in this case entered an order authorizing the park district to take possession of the property upon the filing of a bond in the amount of $200,000, conditioned as required by that section. When the award was paid to the county treasurer and the bond filed as ordered, title to the condemned property vested in the park district and related back to the filing of the petition to condemn. (*Chicago Park District v. Downey Coal Co.* (1953), 1 Ill. 2d 54, 57; Accord, *County of Cook v. Vander Wolf* (1946), 394 Ill. 521, 528; *Forest Preserve District v. Chicago Title & Trust Co.* (1932), 351 Ill. 48, 55.) When the park district deposited the award with statutory interest and filed the required bond, the requirement of just compensation from the condemnor with respect to the owners was satisfied. The income earned on the deposited monies should not therefore be considered as additional compensation from the condemnor for the property taken. The park district did all that was required, and its obligation to defendants ended when it made the deposit with the county treasurer and filed the required bond.

The owner of condemned property has a constitutional and statutory right to appeal a judgment in an eminent domain case. (Ill. Const. 1970, art. VI, sec. 6; Ill. Rev. Stat. 1971, ch. 47, par. 12.) However, under sections 10(a) and 14 of the Eminent Domain Act (Ill. Rev. Stat. 1971, ch. 47, pars. 10(a), 14) the condemnee's award is deposited with the county treasurer during the course of an appeal from an award and the money may not be withdrawn by the owner without abandoning all objections to the award, that is, abandoning the appeal. (See *County of Cook v. Malysa* (1968), 39 Ill. 2d 376, 379, where the court stated that eminent domain adheres to the general rule in civil cases that when a judgment has been voluntarily paid or its benefits accepted the question becomes moot.) Thus, the condemnor can terminate its ob-

ligation to the owner for interest on the award by paying the amount thereof, plus accrued interest, to the county treasurer, and can divest the owner of the property and enter into possession. However, the owner may not exercise the statutory and constitutional right to appeal without forfeiting the right to use the amount of the award pending the appeal.

In *Moll v. Sanitary District* (1907), 228 Ill. 633, the court stated that a condemnee who appeals an award and prevails is entitled on retrial to have submitted to the jury empaneled to fix just compensation the claim for interest for the time the condemnee was deprived of possession of his property, as an additional element of compensation. In *dicta,* relied on by the county treasurer, the court stated that if the appeal had been unsuccessful the condemnee would not be entitled to interest because the loss of the appeal demonstrates that he should have accepted the award and not appealed. *Moll* was decided under the Illinois Constitution of 1870, which did not grant an absolute right to appeal until it was amended in 1962. However, in the present case there is a constitutional right to appeal. Also, here the owners are seeking to recover the money the award earned while held by the county treasurer, and not interest on the award as an additional element of just compensation for the land taken.

In Illinois the payment of money to the county treasurer acts as a substitute for the condemned property under section 14 of the Eminent Domain Act. (*Forest Preserve District v. Chicago Title & Trust Co.* (1932), 351 Ill. 48, 55; *Department of Public Works & Buildings v. Porter* (1927), 327 Ill. 28, 34.) The funds held by the county treasurer pursuant to section 14 are private funds belonging to the condemnees, and as the treasurer admits in his brief, the condemnees may withdraw them at any time as long as they are willing to forgo appeal. (*County of Cook v. Vander Wolf* (1946), 394 Ill. 521, 528.) Defendants contend they are entitled to the money earned on the

deposit.

Concerning the earnings of money deposited with the county treasurer the legislature has provided:

> "All earnings accruing on any investments or deposits made by the County Treasurer whether acting as such or as County Collector, of county monies as in this Act is defined, shall be credited to and paid into the County Treasury for the Benefit of the county corporate fund to be used for county purposes, except where by specific statutory provisions such earnings are directed to be credited to and paid to a particular fund." (Ill. Rev. Stat. 1971, ch. 36, par. 22.1.)

> "The term 'county moneys' shall include all monies to whomsoever belonging, received by or in possession or control of the incumbent of the office of county treasurer when acting as such or in any other official capacity incident to his incumbency of the office of county treasurer." (Ill. Rev. Stat. 1971, ch. 36, par. 17.)

Relying on the literal meaning of these statutes, the trial court and the appellate court held that the money earned on the funds held by the county treasurer is to be deposited into the county corporate fund and not awarded to the condemnee. (67 Ill. App. 3d 709.) This means that the condemnee may not appeal the amount of the award unless he is willing to sacrifice the income earned on the award while the appeal is pending. We do not agree with this interpretation of the aforementioned statutory scheme.

Under the interpretation given to this statutory scheme by the appellate court, a government entity is entitled to condemn private property and then pay the awarded just compensation into the hands of another government entity for the benefit of the public while the private individual exercises his constitutional right to appeal what he may feel to be an unjust award. It is not just that the loss of income should be cast on the owner and the public be granted a windfall. The law by which the loss is occasioned is no act of the owner but an act of government that the owner has no power to repeal or modify so as to avoid the

loss. (*Moll v. Sanitary District* (1907), 228 Ill. 633, 637.) Here the owners were deprived of their property and deprived of the use of the award which stood in place of the property taken for 30 months while they exercised the constitutional right to appeal. During that time the award earned $92,357.08. We hold that to deprive the owners of these earnings would violate their constitutional rights as discussed below.

Article I, section 15, of the 1970 Illinois Constitution and the fifth amendment of the United States Constitution prohibit the taking of private property for public use without just compensation. The Federal guarantee that private property shall not be taken for public use without just compensation is applicable to the States through the fourteenth amendment. (*Chicago, Burlington & Quincy R.R. Co. v. City of Chicago* (1897), 166 U.S. 226, 233-34, 41 L. Ed. 979, 983-84, 17 S. Ct. 581, 583-84.) The use of the award money by the county treasurer, to earn interest which is not paid to the owner but to the county, is clearly a taking of private property for public use.

The word "property" as employed in the taking clause of the Federal and Illinois constitutions includes every interest anyone may have in any and everything which is the subject of ownership, together with the right to possess, use, enjoy and dispose of the same. (*United States v. General Motors Corp.* (1945), 323 U.S. 373, 377-78, 89 L. Ed. 311, 318, 65 S. Ct. 357, 359-60; *Father Basil's Lodge, Inc. v. City of Chicago* (1946), 393 Ill. 246, 256; *Metropolitan Trust Co. v. Jones* (1943), 384 Ill. 248, 251; *City of Belleville v. St. Clair County Turnpike Co.* (1908), 234 Ill. 428, 434; *Bailey v. People* (1901), 190 Ill. 28, 33; *United States v. 19.86 Acres of Land* (7th Cir. 1944), 141 F.2d 344.) The award money qualifies as property subject to the "taking clause" of the Federal and Illinois constitutions. The county had the use of the award money for 30 months. The earnings on the funds de-

posited are a mere incident of ownership of the fund itself. The "taking clause" provision applies to the earnings in the same manner, and with the same force, as it applies to the principal. It is contended that under section 6.1 of "An Act concerning County Treasurers in counties containing more than 150,000 inhabitants***" (Ill. Rev. State. 1973, ch. 36, par. 22.1) these earnings must be paid into the county treasury, for the benefit of the county corporate fund, to be used for county purposes.

A statute should be interpreted so as to avoid a construction which would raise doubts as to its validity. As this court stated in *Continental Illinois National Bank & Trust Co. v. Illinois State Toll Highway Com.* (1969), 42 Ill. 2d 385:

> "We will presume that the legislature intended to enact a valid law. It is our duty to construe acts of the legislature so as to affirm their constitutionality and validity, if it can reasonably be done, and further if their construction is doubtful, the doubt will be decided in favor of the validity of the law challenged. [Citation.] Similarly, 'It is our duty to so interpret a statute as to promote its essential purposes and to avoid, if possible, a construction that would raise doubts as to its validity,' " *Continental Illinois National Bank & Trust Co. v. Illinois State Toll Highway Com.* (1969), 42 Ill. 2d 385, 389-90.

We have set out above the two sections of the statute which it is contended require the earnings on the award money, deposited with the county treasurer, to be paid into the county corporate fund. The statutory language which it is argued compels this conclusion is found in the definition of "county moneys" found in section 1 (Ill. Rev. Stat. 1973, ch. 36, par. 17), which it is stated "shall include all moneys *to whomsoever belonging.*" (Emphasis added.) Monies belonging to numerous governmental bodies at various times come into the possession or control

of the county treasurer. In fact, most of the money coming into the possession or control of the county treasurer is money belonging to various governmental bodies. Since these monies do not constitute private property, the constitutional proscription against taking private property for public purposes would not prevent the earnings from these funds from being used for county purposes. To preserve the validity of section 6.1 (Ill. Rev. Stat. 1973, ch. 36, par. 22.1) we must construe "to whomsoever belonging," as contained in the definition of county monies in section 1, as referring to money other than that which constitutes private property. To interpret the statute as the treasurer contends would constitute a taking of private property for public use.

It is contended that there is no statutory provision authorizing the payment of interest on eminent domain awards that have been deposited with the county treasurer. Relying on several decisions of this court, which have held that, absent statutory authority, interest is not payable upon refunds made by the county, the county treasurer of Cook County argues that no interest can be paid to the condemnees in this case. First, it must be noted that interest is not being sought in this case. The condemnees are not asking that the statutory rate of interest or any fixed rate of interest be paid by the county on the amount of the deposit. They are asking to be paid only the amount which the county earned on the money that had been deposited with the county treasurer pursuant to the order of the court. We note that no order was entered directing the county treasurer to invest the money deposited with him in interest-earning accounts.The full amount of this deposit had not been invested in interest-earning accounts for the full period of time the money was on deposit. The condemnees are seeking to recover only the amount earned by the county through the use of this deposit which belongs to them.

*People v. Meyerowitz* (1975), 61 Ill. 2d 200, *Claren-*

*don Associates v. Korzen* (1973), 56 Ill. 2d 101, and *Lakefront Realty Corp. v. Lorenz* (1960), 19 Ill. 2d 415, relied on by the county treasurer, are distinguishable. These are cases in which the county had a legitimate claim to money that had been paid by the claimants, who were not entitled to a refund of the same until an adjudication of their claims had been made and a refund order entered. This court, in those cases, held that interest was properly denied because there was no statutory provision for the payment of interest. In our case the money that was deposited with the county treasurer belonged to the condemnees and at no time did the county have a legitimate claim to it or any interest in it.

We hold that defendants are entitled to be reimbursed for the full amount of money which has been earned on the sum deposited with the county treasurer pursuant to the order of the circuit court of Cook County. The judgment of the appellate court, and the judgment of the circuit court of Cook County denying the payment of income earned on the funds in question, are reversed, and the cause is remanded to the circuit court of Cook County for further proceedings. Except as to the defendants herein, the holding of this case shall be applied prospectively to deposits made with county treasurers pursuant to orders entered on and after February 1, 1980.

*Reversed and remanded.*