(No. 77-CC-0562—

JOHNNIE TOOMBS, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 18, 1977.*

POLOS, C.J.

Claimant was laid off when the State closed the Illinois Youth Center at Hanna City which was being used by the State for the housing of youthful female offenders. When the center was closed in September, 1971, the Claimant was laid off. When the center re-opened in June, 1972, as an institution for the housing of youthful male offenders, Mrs. Toombs applied for re-employment as a counselor and was refused because the State indicated that they were hiring only male counselors.

Mrs. Toombs filed a complaint with the Fair Employment Practices Commission, and, after a hearing on the merits, the Commission found for the Complainant and ordered the State of Illinois to re-employ Mrs. Toombs as a counselor in the male detention center. This claim is for the difference in salary Mrs. Toombs actually earned from the time male employees were hired in June, 1972, until Mrs. Toombs was finally placed back on the payroll in February, 1977.

A question of first magnitude in a case of this type is the determination as to the reasonableness of the

Claimant's efforts to mitigate her losses. Claimant's efforts to mitigate her loss are reflected in the amounts that she actually earned throughout this period. Had Mrs. Toombs been immediately employed upon her application for re-employment she would have had a gross salary for the period of time in question of $49,826.00. (This differs somewhat from the joint stipulation of the parties inasmuch as their stipulation was based on the departmental report which proved to be in error.) Her actual earnings at various other employment during this period of time were $35,940.96. We find that the efforts of Mrs. Toombs to mitigate her losses were reasonable.

In her complaint Mrs. Toombs asks the Court to grant an award for interest. The Illinois Supreme Court in the case of *Lake Front Realty Corporation v. Lorenz, 19 Ill. 2d 415,* stated that interest on tax free funds is recoverable only if authorized by statute. In *People v. Meyerowitz, 61 Ill. 2d 200, 211,* the Court stated that "we hold that the defendants are entitled to the fines and costs they have paid as a result of their void convictions. No interest is due for the reason that the fines and costs were collected in good faith, and there is no statutory provision for interest in this situation." Inasmuch as there is no statutory provision for interest in the case before this Court, this portion of the claim is denied.

The Claimant by her attorney and the Respondent through the Attorney General entered into a joint stipulation which, with attachments, sets forth in detail the several deductions and set-offs applicable to this claim. Because of the complexities of the calculations, we incorporate the figures into this Opinion by reference rather than to burden the reader.

In summary we find that Claimant is entitled to back salary in the gross amount of $49,826.00 less the mitigated actual earnings of $35,940.96, less salary paid on supplemental payroll of $1,316.25 less ten vacation days paid and returned to her credit of $460.70 for an adjusted salary of $12,108.09 which should be disbursed by the Comptroller and credited as follows:

To the State Employees' Retirement System as follows:

The sum of $1,993.04 for employee's contribution to State Employees' Retirement System.

The sum of $3,172.11 for the State's contribution to State Employees' Retirement System.

To the Illinois State Treasurer to be remitted to the Internal Revenue Service:

The sum of $2,630.42 for Claimant's Federal Income Tax withholding for current taxable year.

To Claimant:

The sum of $7,155.83 for Claimant's net salary after all of the above contributions and withholdings have been deducted from the total employee benefit.

It is therefore ordered that Claimant be and is hereby awarded $12,108.09 plus the State's contribution to Retirement to be disbursed and credited in accordance with our above finding.