(No. 77-CC-0371—

THE DEARBORN ASSOCIATES OF CHICAGO, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed October 29, 1980.*

*Amended order filed January 30, 1981.*

*Opinion filed December 6, 1982.*

*Amended opinion filed March 14, 1983.*

*Amended amended opinion filed April 7, 1983.*

ROBERT W. DZIUBLA, for Claimant.

TYRONE C. FAHNER, Attorney General (FRANCIS M. DONOVAN, Assistant Attorney General, of counsel), for Respondent.

## ORDER

HOLDERMAN, J.

This matter comes before the Court upon motion of Claimant for partial summary judgment filed August 19, 1980, to which Respondent has made no answer nor response.

Claimant's motion requests the Court enter an order granting partial summary judgment for certain enumerated items totalling the sum of $35,522.37, plus prejudgment interest at the statutory rate from and after December 5, 1975.

Claimant cites section 2 of "An Act in relation to the rate of interest" (Ill.Rev.Stat., ch. 74, par. 2) as its basis for requesting interest. Said statute provides, among other things, payment of five (5%) per cent interest per annum for all monies after they become due or money withheld by an unreasonable and vexatious delay of payment.

It appears from the record in this cause that there is not any dispute as to the amount claimed by Claimant and that this amount was due from December 5, 1975.

Award is hereby entered in favor of Claimant in the amount of $35,522.37, plus interest at the rate of 5% from December 5, 1975, to date of payment.

## AMENDED ORDER

HOLDERMAN, J.

This matter comes before the Court upon motion of Claimant for partial summary judgment filed August 19, 1980, to which Respondent has made no answer nor response.

Claimant's motion requests the Court enter an order granting partial summary judgment for certain enumerated items totalling the sum of $35,522.37, plus prejudgment interest at the statutory rate from and after December 5, 1975.

Claimant cites section 2 of "An Act in relation to the rate of interest" (Ill.Rev.Stat., ch. 74, par. 2) as its basis for requesting interest. Said statute provides, among other things, payment of five (5%) per cent interest per annum for all monies after they become due or money withheld

by an unreasonable and vexatious delay of payment.

It appears from the record in this cause that there is not any dispute as to the amount claimed by Claimant and that this amount was due from December 5, 1975.

Award is hereby entered in favor of Claimant in the amount of $35,522.37. Interest is not allowable.

## OPINION

HOLDERMAN, J.

This is a claim filed alleging breach of a contract, which contract was for architectural, engineering and professional services between the Capital Development Board (CDB) and The Dearborn Associates (TDA) for the Benito Juarez High School project in Chicago, Illinois. The breach complained of is for non-payment of professional services rendered between March 25, 1975, and December 8, 1975. In its complaint, TDA sought an award for $75,159.62. On January 30, 1981, the Court of Claims entered an amended order granting partial summary judgment to Claimant in the amount of $35,522.57. The remaining amount in dispute is $39,637.05.

There are two issues involved in this case: (1) Whether the project had been completed through the design development phase at the time of Claimant's termination; and (2) Whether interest on an award is allowed in the Illinois Court of Claims.

On March 25, 1975, a contract was executed between the CDB and TDA for architectural and engineering services for the Benito Juarez High School in Chicago, Illinois. Under the contract, TDA was to provide services in seven phases on the project.

On June 24, 1975, the contract was modified and the number of phases was reduced from seven to four. The first three phases of the project were deleted from TDA's

contract but the contract did provide that TDA was to perform certain services in conjunction with RMC, a Mexican architectural firm which had been hired as a design concept consultant, and the Turner Construction Company. The contract provided that CDB's manual of procedures would be a part of TDA's contract and would apply to its work. The purpose of the manual of procedures was to standardize the whole architectural process both in terms of services and fees.

On December 5, 1975, CDB wrote to TDA advising them that, pursuant to Article 8, par. 8.3 of the contract, TDA was terminated effective 15 days following receipt of the letter. The letter was received by TDA on December 8, 1975.

On December 18, 1975, TDA forwarded to CDB all drawings it had prepared to that date. These included 42 architectural sketches designated as "definitive design drawings."

It is the contention of Respondent that when the contract was terminated, the design development phase of the contract was not completed.

It is Claimant's contention that Respondent, through various agents, stated that the manual procedure did not apply to its work, and the rules of the manual were waived. Respondent denies there was such a waiver and points out that while any evidence to such a waiver was oral, said waiver, by documents and notes, was not substantiated by the evidence.

This Court, in *L. Balkin Builder, Inc. v. State* (1939), 11 Ill. Ct. Cl. 407, laid down the following rule:

"Oral testimony inadmissible to vary terms of contract. In the absence of any fraud, parole testimony cannot be received to change, vary or alter the terms of a written contract."

It is the opinion of the Court that the terms of the

original contract cannot be changed by oral evidence as presented by Claimant in this cause.

It is the finding of this Court that Claimant was not compensated for work performed under the contract and that a fair value for said services rendered unpaid at the time of the termination of the contract is $15,000.00.

Claimant has requested interest for the failure of Respondent to make payments for work performed. This Court has previously held that interest on awards is not allowable. See *Coach Corp. of Freeport v. State* (1949), 18 Ill.Ct.Cl. 156; also *Toombs v. State* (1977), 32 Ill. Ct. Cl. 205.

An award is hereby entered in favor of Claimant in the amount of fifteen thousand ($15,000.00) dollars, as full, final and complete settlement of all claims in this cause.

## AMENDED OPINION

HOLDERMAN, J.

This matter comes before the Court upon petition of Respondent for clarification filed January 5, 1983. Claimant did not respond to said petition.

In the Court's opinion of December 6, 1982, an award was entered in favor of Claimant in the amount of $15,000.00. A re-reading of the facts in this case would indicate that such an award could be construed as allowing a case based upon a *quantum meruit* recovery. This Court has expressly disallowed recovery on *quantum meruit* basis. See *Sunley v. State* (1976), 31 Ill.Ct.Cl. 176; and *Hofer v. State* (1978), 32 Ill.Ct.Cl. 745, 751.

In order to clarify the situation, the Court hereby vacates its opinion of December 6, 1982, and dismisses said cause.

## AMENDED AMENDED OPINION

HOLDERMAN, J.

This matter comes before the Court upon a joint motion by Claimant and Respondent requesting an amended opinion be entered by this Court.

Said joint motion sets forth that it is the opinion of Claimant and Respondent that an award should be made based upon the express terms of the contract between the parties hereto, and further suggests that the award should be in the amount of $15,000.00.

An amended amended opinion is hereby entered granting claimant the amount of $15,000.00, based upon the contract between Claimant and Respondent.